DUNCAN McKENZIE v. THE BOARD OF CITY CANVASSERS OF THE CITY OF PORT HURON.

*Elections—Recount of votes.*

It was intended by Act No. 208, Laws of 1887, to give a party aggrieved by the action of the inspectors of election the right to a recount of the votes cast for and against him for the office for which he was a candidate, in the first instance at least, if he should desire it, without proceedings by *quo warranto.*

So *held,* where a candidate for alderman in a city, whose charter did not make the board of city canvassers, or the common council of the city, judges of the election or qualifications of aldermen, complied with all of the requirements of said act, and asked for a recount of the votes by the board of city canvassers on account of alleged mistakes in the count made by the inspectors of election, which was denied, and a *mandamus* was granted to compel such recount.

*Mandamus.*    Submitted April 24, 1888.    Granted May 3, 1888.

Relator applies for *mandamus* to compel a recount of votes under Act No. 208, Laws of 1887. The facts are stated in the opinion.

*George P. Voorheis,* for relator.

SHERWOOD, C. J. The relator is a resident of the Third ward of the city of Port Huron, and was a candidate for alderman in said ward in the recent spring election of city officers. Albert Roberts, of said ward, was also an opposing candidate for the same office. After the polls were closed, the inspectors of election made a count of the votes cast, and declared Mr. Roberts elected, he having received a plurality of four votes.

By the charter of the city of Port Huron, the inspectors of election in the several wards, or a majority of them, constitute the board of canvassers, and on April 5 the board met, as required by charter, at the common council room in the city, and organized, and, when the board was ready for business, the relator filed a petition with the clerk of the board, stating that he was aggrieved in the count of the votes made by the inspectors of election of his ward, and in the return thereof; that there was a mistake in the count of the inspectors, and that the report was fraudulent as to the number of votes actually cast for the relator; that there was a larger number of votes counted for Albert Roberts than he received, and that there were votes cast for petitioner which, either by mistake or fraud, were not counted for him, but for the opposing candidate, Mr. Roberts; that, if a correct count was made of the votes cast, it would show that the relator was elected, and not Mr. Roberts, as announced by the inspectors, and that his plurality would be three votes; that on some of the tickets relator's name was pasted over that of Roberts, but the tickets were counted for Roberts; that in other instances votes were counted for Roberts where his

name had been erased from the ticket; and that on some tickets whereon relator's name appeared the ballot was counted blank.

Relator therefore asks for a recount of the votes, and a correction of the result as announced, and for that purpose prays that the canvassing board " will appoint a committee, and proceed to investigate the facts as set forth " in relator's petition filed, and secure to him a recount of the votes given for and against him for alderman of the Third ward, in accordance with Act No. 208, Laws of 1887, and give him such other relief as the relator may be regarded as entitled to in the premises.

Relator further states in his petition that the board of city canvassers met the next day, and proceeded to take action upon his petition. The board refused—

"To appoint a committee to make investigation of the errors and mistakes alleged and complained of in the petition,"—

And laid upon the table a resolution offered to make a recount, and then proceeded to canvass the returns for officers in the Third ward; and, when the case of alderman was reached, the returns of the inspectors were read, and thereupon a motion was made and carried to declare Mr. Roberts elected, and the board then adjourned without taking further action; and relator avers that the board refused to investigate the matters set forth in this petition, or to make a recount of the ballots, as required by the law of 1887 referred to, and have thereby refused to recognize his rights and perform their legal and official duty in relation thereto.

Relator prays a *mandamus* requiring the board of city canvassers to meet in the common council room in the city of Port Huron, and investigate the matters set forth in his petition, and consider the merits thereof; to bring the ballotboxes of the Third ward before them, appoint a committee, and to make a recount of the votes for and against relator

for the office of alderman, and declare the result thereof, in pursuance of said Act No. 208, Laws of 1887.

The respondent gives as reasons in the return made to the order to show cause why the board of city canvassers did not allow a recount of the votes, that the votes were counted twice by the inspectors of the election in the ward, and that each time the result was the same; that the number of votes cast corresponded exactly with the poll-list kept at the time.

That relator was present when the count was made by the inspectors of election, and made no objection to the count or result, for either mistake or fraud.

That, at the meeting of the board of canvassers held to consider the subject of relator's petition, he was asked by the board if he had any proof he wished to submit, tending to show error or fraud on the part of the inspectors of election in the Third ward; that relator said he did not think there was any fraud or intentional error, but that there might have been a mistake in the counting.

That his attorney was with him before the board, and claimed in behalf of the relator that it was the duty of the respondent, as the matter then stood, to proceed and make a recount of the ballots cast for the office of alderman in said ward, and that relator should offer no proofs.

That, the board being satisfied the count made by the inspectors of election was correct, they declined to recount the votes, and proceeded with the canvass of the vote as returned by the inspectors of election, and declared Roberts elected.

At the time of filing such petition the petitioner is required by the statute to deposit $10 with the clerk of the board of city canvassers. No question seems to be made in this case but that the petition was properly made and filed, and the money properly deposited. Its averments were sufficient to call for such action by the board of city canvassers as is authorized by the statute.

The statute provides:

"Upon filing such petition, making such deposit, and giving at least 12 hours' written notice thereof to the opposing candidate, by handing to such candidate a copy thereof, or, if such candidate cannot be found, by leaving such copy at the last place of residence, it shall be the duty of such board of canvassers to proceed to make an investigation of the facts set forth in said petition. For such purpose the board shall have power to cause the ballot-boxes used in such election districts to be brought before them. The said board shall thereupon appoint a committee of their own number as follows: The said board shall designate a member who shall be chairman of said committee, the candidate presenting such petition, and the candidate opposed thereto, shall each choose a member; and if such candidates, or either of them, decline to choose a member, then the board shall designate, and the three thus chosen shall constitute a committee to investigate the errors, mistakes, or frauds complained of."

The statute then provides that such committee shall, without unnecessary delay, proceed to open the ballot-boxes and make a recount of the votes, and make return of the result to the board of city canvassers, who are to "accept the same as correct, anything in the previous returns from such township, ward, or district to the contrary notwithstanding."

No question appears upon the sufficiency of the notice, and upon the appearance of the parties interested before the board of city canvassers. The question of fraud in the count was abandoned by the relator, and he only asked for a recount upon the other specific grounds stated in his petition; and this we think he was entitled to under the mandatory provisions of the statute.

The charter of the city of Port Huron, at the time the vote was taken for the relator for alderman, contained no provision making either the board of city canvassers, or the common council of the city, judges of the election or of the qualifications of the aldermen.

It was intended by the law of 1887 to give an aggrieved party by the action of the inspectors of election and the

board of city canvassers the right to a recount of the votes cast for and against him for the office for which he was a candidate, in the first instance at least, if he should desire it, without resort to proceedings by *quo warranto;* and no reason is discovered why the law may not be resorted to by the relator in this case.

The *mandamus* will therefore be granted requiring the board of city canvassers of the city of Port Huron, whose duty it was to take the necessary action to secure a recount of the votes cast for and against the relator at the election held in the third ward of said city on April 2, 1888, for the office of alderman of said ward, to meet in said city within 10 days after copy of the writ shall have been served upon them, and take such action as is required of them by the provisions of Act No. 208, Laws of 1887, for the purpose of securing such recount of said votes.

No costs will be given.

CHAMPLIN, MORSE, and LONG, JJ., concurred. CAMPBELL, J., did not sit.