POUND *v.* BOARD OF CANVASSERS OF WAYNE CO.

ELECTIONS—RECOUNT—CIRCUIT JUDGE.

> Act No. 125, Pub. Acts 1897, amendatory of an act providing for the election of county boards of canvassers, by section 4 authorizes the board to canvass votes for state and county officers, presidential electors ( each year when chosen), members of congress, and members of the legislature. Section 10 provides that any candidate voted for at any election at which state, county, or district officers are voted for, who conceives himself aggrieved on account of any fraud or mistake in the canvass, or in the returns made, may petition for a recount. By section 11, notice of such petition is required to be served on the opposing candidate, personally, or, if he cannot be found, by leaving the same at his residence, 12 hours before its presentation to the board. Section 12 provides that a candidate not receiving a certificate of election may, for errors apparent on the face of the returns, have the same examined and corrected on *certiorari* to the circuit court. *Held,* that a candidate for a state office, such as circuit judge, is not entitled to a recount under the act.

*Certiorari* to Wayne; Lillibridge, J.   Submitted May 2, 1899.   Decided May 19, 1899.

*Mandamus* by James H. Pound to compel the board of canvassers of Wayne county to recount the votes cast for the office of circuit judge.   From an order denying the writ, relator brings *certiorari.*   Affirmed.

*James H. Pound ( Hayes & Lawson* and *George F. Monaghan,* of counsel ), for relator.

*John G. Hawley* and *H. M. Campbell,* for respondent.

MONTGOMERY, J.   The relator was a candidate at the April election for the office of circuit judge.   On the face of the returns, he was defeated by a narrow margin of 25 votes.   When the board of canvassers convened, relator

presented a petition for a recount of the ballots cast at the election, which was refused. After applying to Judge Lillibridge, of the Wayne circuit court, for *mandamus*, and being refused, he applied to this court for relief.

The question presented is whether a candidate for a state office is entitled to a recount, under Act No. 125 of the Public Acts of 1897. In *Vance* v. *Board of Canvassers of St. Clair Co.*, 95 Mich. 462, the question was presented whether a recount could be had of votes cast for a candidate for circuit judge. The act then in force was Act No. 208 of the Public Acts of 1887. It was held that the act did not apply to the office of circuit judge, and that the case was not distinguishable, in principle, from a number of earlier cases which had arisen under the same statute. It is true there was wording in that act broad enough in its terms to include the office of circuit judge, but, in view of other provisions of the act, it was held not to apply. Mr. Justice McGRATH, speaking for the court, said:

"The theory of the cases cited is that, inasmuch as another tribunal for that review has been provided by law in that class of cases, and the act in question does not in terms qualify the powers granted to such tribunal, or limit the scope of the inquiry to be made by it, jurisdiction is exclusive in such tribunal, and boards of canvasses and the courts are without power in the premises. The very terms of the act itself exclude any inference of its applicability to that class of cases. It limits further inquiry to fraudulent or illegal voting or tampering with the ballot boxes before the recount. It provides that 'any candidate not receiving a certificate of election may, for errors apparent on the face of the returns, have the same examined and corrected upon *certiorari* to the circuit court of the county.' * * * No certificate is issued to a state officer or circuit judge, except by the board of state canvassers. The act clearly contemplates that the writ shall run against the board of canvassers who have acted upon the erroneous returns, and not against the board of state canvassers, who do not have before them the returns complained of."

We find that section 12 of Act No. 125, Pub. Acts 1897,

contains the identical provisions as to *certiorari* found in
the act of 1887.    There can be no doubt, therefore, that
the case is ruled by *Vance* v. *Board of Canvassers of
St. Clair Co., supra*, unless the act of 1897 clearly
evinces a purpose of extending the right to a recount to a
candidate for a state office.

It is contended by the relator that such intention is
manifested.    The act of 1887 provides that "any candi-
date voted for at any election, conceiving himself aggrieved
on account of any fraud or mistake in the canvass of the
votes by the inspectors of election or in the returns made,
may  *  *  *  present a petition," etc.    The act of 1897,
in section 10, provides that "any candidate voted for at
any election at which state, county, or district officers are
voted for, who conceives himself aggrieved on account of
any fraud or mistake in the canvass of the votes by the
inspectors of election or the returns made by said in-
spectors, may  *  *  *  file a petition," etc.    It is con-
tended that this is a clear expression of intention to allow
a recount on petition of any state, county, or district
officer.    On the other hand, it is contended that that lan-
guage is not broader than that used in the previous stat-
ute.

The act in question (Act No. 125, Pub. Acts 1897)
is amendatory of the act providing for the election of
county boards of canvassers.    By section 4 of the act the
board is authorized to canvass the votes for state officers,
county officers, electors for president and vice-president,
members of congress (each year when they are elected),
state senators, and representatives in the legislature.    It
will be seen that at certain elections the canvass is of
votes cast for state, county, and district officers, and at
other elections representatives in congress are also elected.
The language of section 10 was evidently designed to
make clear the election to which it was intended to apply
its provisions, rather than to designate the officer or can-
didate who might avail himself of the provisions.    Liter-
ally, a candidate for congress is within the provisions,

as he is voted for at an election at which state, county, and district officers are elected. State, county, and district officers are named because at each election at which the election commission is to act these officers, at least, are to be elected, and the naming of these officers designates each election. But as in alternate years representatives in congress are elected, and as the terms of the act include any candidate voted for at such election (at which state, county, and district officers are voted for), a member of congress is as much within the literal designation as the state officers. We think the reference to state, county, or district officers must be construed as intended to designate the election intended, and that the words providing as to who may petition for a recount are as general as under the former act. It follows that the case is ruled by *Vance* v. *Board of Canvassers of St. Clair Co.*, *supra*.

Additional evidence that neither this act nor the act of 1887 was intended to apply to state officers is found in the fact that, by section 11, notice is required to be served on the opposing candidate 12 hours before presenting the petition to the board, or, if the candidate cannot be found, by leaving a copy of the notice at his last place of residence. It can hardly be assumed that it was intended to require the attendance of a candidate for state office at a county distant from his residence on 12 hours' notice; much less can it be inferred that leaving a notice at his residence 12 hours in advance of a hearing at which his rights would be affected would be deemed adequate by the legislature. We think this provision and the provision relative to review by *certiorari* indicate that the intention was to limit the general language employed so as to exclude state officers as well as members of congress.

The application will be denied.

The other Justices concurred.