130    283
s89ᴺᵂ  950
s132     83

ATTORNEY GENERAL, *ex rel.* GARTHE, *v.* CAMPBELL.

ELECTIONS—COUNTY CANVASSERS—RECOUNT—ADJOURNMENT.

Where a candidate for probate judge petitions the board of canvassers in due time for a recount under sections 3671, 3672, 1 Comp. Laws, an adjournment by the board, without his fault, for 12 days, at which time the opposing candidate appears with his counsel, does not deprive the petitioner of his right to a recount.

Error to Leelanaw; Chittenden, J., presiding. Submitted January 9, 1902. (Docket No. 35.) Decided April 8, 1902.

*Quo warranto* proceedings by Horace M. Oren, attorney general, on the relation of Steiner C. Garthe, against James E. Campbell, to try the title to the office of judge of probate for Leelanaw county. From a judgment for relator on verdict directed by the court, respondent brings error. Reversed.

*Patchin & Crotser* (*C. L. Dayton,* of counsel), for appellant.

*Smurthwaite & Foster* (*Parm. C. Gilbert* and *O. C. Ransom,* of counsel), for appellee.

MOORE, J. This is a *quo warranto* for the purpose of testing the title to the office of judge of probate for Leelanaw county. Mr. Campbell, for some years prior to January 1, 1901, was judge of probate. He was a candidate for re-election at the November election in 1900. Mr. Garthe was also a candidate for election. The board of county canvassers met November 13th, and were in session that and the following day. They canvassed the returns, and decided that the relator was elected to the office of judge of probate, and gave him a paper so stating,

which he claims is a certificate of election. The respondent filed a petition for a recount under the statute. This petition was filed with the board of county canvassers on November 14th, before their adjournment, as provided by statute; and the fees necessary to secure a recanvass were deposited with the board at that time. November 26, 1900, was fixed by the board as the time for making the recount. The petition, together with notice of the time for making the recount, was served on the relator on November 20, 1900,—six days before the recount. The recount was had November 26th. At the recount the board of county canvassers found that the respondent had more votes, according to the recount, than had the relator, and forwarded him a statement to that effect. The relator was present with his counsel at the time of the recount, and it does not appear that he took any exception to the notice which was served upon him, or to having a hearing at that time, or made any objection because of the time of the notice or of the hearing, though he protested against the recount, claiming some of the ballot boxes had been tampered with. The relator and the respondent each filed an oath of office, and each claims to be elected, and to have a certificate of election from the board of canvassers. The respondent refusing to surrender the office, this proceeding was instituted.

Upon the trial the relator introduced what he claimed was a certificate of his election, his oath of office, and a demand for the office, and the refusal of respondent to surrender it. On the part of the defendant, what he claimed was a certificate of election, given to him by the canvassers after the recount, was received in evidence; but as it was not read into the record, and is no part of the bill of exceptions, we are unable to say what it contained. For the purpose of showing the canvassers had jurisdiction to make the recount, the respondent offered in evidence his petition for a recount, attached to which was the notice to the relator of the hearing, and the return of service upon him. Objection was made to its admission. The circuit judge

was of the opinion the respondent must give the relator 12 hours' notice of the hearing before the filing of the petition, but, in any event, this 12 hours' notice must at least follow immediately after filing the petition, and that the board of canvassers should proceed forthwith to make a recount, and that the board of canvassers could not adjourn the hearing for 12 days. The circuit judge sustained the objection, and directed a verdict in favor of the relator.

The question involved is the construction which shall be given to sections 3671, 3672, 1 Comp. Laws, which read, in part, as follows:

"(3671) SEC. 10. Any candidate voted for at any election at which State, county, or district officers are voted for, who conceives himself aggrieved on account of any fraud or mistake in the canvass of the votes by the inspectors of election or the returns made by said inspectors, may, on or before the close of the last day upon which the board of county canvassers meet, present to and file with the clerk of such board a written petition, which shall be sworn to, setting forth, as near as may be, the nature of the mistakes or frauds complained of, and the township, ward, or district in which they occur, and asking for a correction thereof.  *  *  *

"(3672) SEC. 11. Upon filing the petition and making the deposit required in the preceding section, and giving at least twelve hours written notice thereof to the opposing candidate, by handing to such candidate a copy thereof, or, if such candidate cannot be found, by leaving such copy at his last place of residence, it shall be the duty of such board of canvassers to investigate the facts set forth in said petition. For such purpose the said board shall have power to cause the ballot-boxes used in such election districts to be brought before them. The board shall thereupon, in some public place where such candidates and their counsel may be present if they so desire, proceed forthwith to open the ballot-boxes from such districts, townships, or wards, and to make a recount thereof as to such candidates."

It is claimed the construction given to this statute by the circuit judge is in accord with the opinion in *Pound v. Board of Canvassers of Wayne Co.*, 120 Mich. 181 (79 N. W. 114), as follows:

"Additional evidence that neither this act nor the act of 1887 was intended to apply to State officers is found in the fact that by section 11 notice is required to be served on the opposing candidate 12 hours before presenting the petition to the board, or, if the candidate cannot be found, by leaving a copy of the notice at his last place of residence. It can hardly be assumed that it was intended to require the attendance of a candidate for State office at a county distant from his residence on 12 hours' notice. Much less can it be inferred that leaving a notice at his residence 12 hours in advance of a hearing at which his rights would be affected would be deemed adequate by the legislature."

An inspection of that case will show the question involved was whether, by the terms of the statute, it was intended to give a candidate for the office of circuit judge the right to a recount, and it was held it was not; and, as illustrating the intention of the legislature in passing the act, the language quoted was used by Justice MONTGOMERY. The question of the notice or its timeliness was not involved at all in the case, and was not intended to be passed upon.

It does not appear why the board of canvassers made the adjournment. The county was a large one, without railroad facilities. Nor does it appear the adjournment was had at the request of the respondent. It does appear that, on the day of the hearing, the relator and his counsel and the respondent were present and participated in the hearing. The case of *McKenzie* v. *Board of Canvassers of Port Huron*, 70 Mich. 147 (38 N. W. 11), is in point. In that case the statute under construction was like the one involved here. The relator petitioned for a recount. The canvassers, thinking it unnecessary to make it, adjourned April 5th without taking further action. May 3d this court handed down an opinion holding the party who felt aggrieved had a right to a recount. An order was made requiring the canvassers, within 10 days after service of the copy of the writ of *mandamus*, to meet and make the recount. In this case the petition for a recount was filed in time. Without the fault, so far as it appears

by the record, of the respondent, the board, instead of refusing to make a recount, adjourned 12 days for the purpose of making it.   If the board had utterly refused to act, this court would have compelled them to do so, even though more than a month had intervened.   This being so, will it be held that because the board adjourned 12 days, and then acted, their action must be set aside, and the respondent lose his right to a recount?   We think this question must be answered in the negative.

Judgment is reversed, and a new trial ordered.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred.   LONG, J., did not sit.