ATTORNEY GENERAL, *ex rel.* GARTHE, *v.* CAMPBELL.

ELECTIONS—RECOUNT—IDENTITY OF BALLOTS — FINDING OF JURY.
In a proceeding to try the title to the office of judge of probate, the finding of the jury that the ballots counted by the county canvassers were the same ballots that were voted is conclusive.

Error to Leelanaw; Mayne, J. Submitted December 3, 1902. (Docket No. 143.) Decided December 29, 1902.

*Quo warranto* proceedings by Horace M. Oren, attorney general, on the relation of Steiner C. Garthe, against James E. Campbell, to try the title to the office of judge of probate of Leelanaw county. From a judgment for respondent, relator brings error. Affirmed.

*Thomas Smurthwaite* and *Parm. C. Gilbert* (*O. C. Ransom,* of counsel), for appellant.

*Patchin & Crotser* and *C. L. Dayton* (*A. F. Bunting,* of counsel), for appellee.

MOORE, J. This case has been ·here before. It is reported in 130 Mich. 283 (89 N. W. 950). After the opinion was filed, the case was tried before a jury, who returned a verdict in favor of the respondent. The case is brought here by writ of error.

Counsel for relator argue in their briefs some of the questions which were argued by them when the case was here before. We deem it unnecessary to do further in relation to those questions than refer to the opinion before referred to. The remaining questions relate to the recounting of the ballots from the townships of Cleveland, Centerville, Elmwood, and Leland. It was the contention of relator that the ballot-boxes from these townships had been tampered with before the recount, and for that reason the ballots therein should not be recounted. This contention was disputed by respondent. Testimony was given tending to support the respective claims. At the conclusion of the testimony each of the parties requested the judge to direct a verdict in his favor. This request was refused, and the case was submitted to the jury in a full and impartial charge. Among other statements made in the charge were the following:

" If the identical ballots cast by the electors at the election in question were before this board of county canvassers, and were recounted by them, then that recount is final and conclusive. By 'identity of ballots' I mean that they were the same as cast by the electors, that they were

not changed, but that the board of county canvassers had the same ballots before them as were cast by the people at the election in November.

"It will be necessary for you, then, to determine, and it is the question in this case for you to determine, whether the ballots, as presented to the board of county canvassers to be recounted, and as recounted by them, were the same in identity as those cast by the people at the election,—the same ballots as were counted by the inspectors of election and returned by them to the board of county canvassers.

"The burden of proof is upon the respondent, by a fair preponderance of the evidence, to establish the identity of the ballots recounted by the board of county canvassers. To meet this requirement of the law, he has presented certain evidence covering the time which elapsed from the counting of the ballots by the several township officers constituting the various boards of election inspectors in the several townships of the county, and the depositing of them in the ballot-boxes, until the time they were opened by the board of county canvassers and canvassed by them on the recount. It is for you to determine from the evidence in the case whether this identity has been established.
*    *    *

"The ballot-boxes must not be opened by any one,—not even through idle curiosity,—and if they were opened by any one, and their contents examined, or even if the ballots were not examined, if it is clearly established to your mind that they were opened, that would constitute such an interference, or such a change of the ballots, as to affect their identity, and they could not be counted by the board of county canvassers on the recount. If the provisions of the statute were strictly complied with, and no question was raised concerning the identity of the ballots, then, in a case of this kind, it would be the duty of the court to charge you that the recount was in all respects final and conclusive. But, in proportion as the statutory requirements are not complied with, the value of the ballots themselves, as evidence of their identity, is decreased.

"In this county there were eleven townships. Concerning seven of them there is no question but that as the count was originally made it was correct. Only four townships are in question: Cleveland, Centerville, Elmwood, and Leland. You will, therefore, confine your deliberations to those four townships. I might say, and it is not disputed, that in the township of Centerville, as recounted,

the majority for Mr. Campbell was 31. If you should find that the identity of the ballots in the township of Centerville was the same when presented to the board of county canvassers for recount as cast by the people,—that they had not been changed,—then Mr. Campbell is entitled to your verdict. If you should find that the ballot-box in the township of Centerville had been tampered with and the ballots changed, and you should throw that out, and that were the only township that you should find the ballot-boxes tampered with and the ballots changed, and that in the remaining townships the ballots as presented to the board of county canvassers were the identical ballots cast by the people, and that there had been no change, then the respondent, Mr. Campbell, would be entitled to your verdict, even though you rejected the township of Centerville, because he would still have, under the undisputed testimony, a majority of seven. If you find that enough of those ballot-boxes have been tampered with—provided you find any of them were tampered with—to change the results of the board of county canvassers as they found the same, then your verdict would be in favor of Mr. Garthe, the relator, because the original count would stand in each and every township in which you find that the ballot-boxes were tampered with and the ballots changed."

The circuit judge then stated the claims of the parties more in detail, but again told the jury if any box had been opened its contents could not be counted. The court, at the request of counsel for the respondent, submitted the following special questions: (1) Were the ballots counted by the board of county canvassers at the recount the same ballots that were voted in the township of Centerville? (2) Were the ballots counted by the board of county canvassers at the recount the same ballots that were voted in the townships of Elmwood, Leland, and Cleveland? Each of which questions was answered "Yes" by the jury. The issue was quite as favorably presented to the jury as the relator was entitled to have it, and its decision is conclusive.

Judgment is affirmed.

HOOKER, C. J., CARPENTER and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.