DINGEMAN v. STATE BOARD OF CANVASSERS.

1. ELECTION—DUTY OF STATE BOARD OF CANVASSERS.
  In the absence of a contest over the election of a circuit
     judge, it is the ministerial duty of the State board of
     canvassers to canvass the returns and issue to the officer
     elected a certificate of election.

2. SAME—CIRCUIT JUDGES—RECOUNTS—POWER OF LEGISLATURE.
  The legislature, sitting in joint convention, has exclusive
     jurisdiction of a recount contest on the election of a cir-
     cuit judge.

Mandamus by Harry J. Dingeman to compel the
State board of canvassers to refrain from recounting
the ballots in an election of circuit judges. Submitted
June 12, 1917. (Calendar No. 27,941.)  Writ granted
September 27, 1917.

*William L. Carpenter, James O. Murfin, John D.
Mackay,* and *George F. Monaghan,* for plaintiff.

*Alex. J. Groesbeck,* Attorney General, *Leland W.
Carr,* and *Thomas G. Baillie,* Assistants Attorney Gen-
eral, for defendant.

*H. E. Spalding, Fred G. Dewey, Henry M. Butzel,*
and *Clarence A. Lightner,* for contestant Ira W. Jayne.

FELLOWS, J.  Upon the face of the returns as can-
vassed by the county board of canvassers of Wayne
county, and duly certified to the defendant, the plain-
tiff was elected one of the circuit judges for the third
judicial circuit at the general election held in April.
No question is raised as to the regularity of the re-
turns to the State board of canvassers.  Had no contest
been had, it must be conceded that it would have been
the clear duty of the State board of canvassers to can-

vass the returns and issue to plaintiff a certificate of election. This was a ministerial duty to be performed by defendant. Acting under the provisions of Act No. 320 of the Public Acts of 1913 (1 Comp. Laws 1915, § 3776 *et seq.*), Ira W. Jayne, who was also a candidate for the office of circuit judge for the third judicial circuit at said election, instituted a contest, claiming that the votes on circuit judge had been improperly counted, and that he (Jayne) had been elected to such office. Upon a recount of the votes by defendant, pursuant to the prayer of said Jayne's petition, it was found that Jayne was elected.

It is, and must be, conceded that the Constitution has vested in the legislature sitting in joint convention the power of finally determining the question who was elected to the office of circuit judge. The argument is advanced, and it presents the question in the case, that this is not exclusive, that it is competent for the legislature to empower the State board of canvassers to conduct a recount contest on State officers; conceding, however, that the decision of the board lacks finality or conclusiveness against the determination by the legislature. I cannot agree with this contention. If the argument is sound, the adjudicated cases in this jurisdiction have been incorrectly decided. If the argument is sound, it could have been successfully urged in practically all the cases where this court has had occasion to speak on the subject.

The framers of the Constitution of 1850, and the people of the State in adopting it, made provision for contests for the more important offices before the legislature, and before the legislature alone. This provision even excludes the courts from jurisdiction so far as contests for these offices are concerned, and was designed to discourage and prevent long drawn out and needless litigation and contest between private parties over the higher and more important offices of

the State. The legislature, bound by no hard and fast rule, may or may not, in its discretion, entertain contests. The determination of the legislature is a finality, and private parties, ambitious to fill these offices, or litigious in character, cannot compel action by the legislature or go elsewhere and secure delay in carrying out the recorded will of the electorate. The wisdom of this provision is demonstrated by the fact that it stood without amendment, or attempted amendment, and was carried into the present Constitution.

This court has had occasion to consider this provision in several cases. In the early case of *People* v. *Goodwin,* 22 Mich. 496, this court had before it a proceeding in the nature of quo warranto to test the right of Judge GOODWIN to the office of circuit judge. It was there said:

"Counsel on both sides have overlooked the fact that the Constitution does not permit the regularity of elections to the more important offices to be tried by the courts. It has provided that in all cases where, by the Constitution or by statute, the result of elections is to be determined by the board of State canvassers, there shall be no judicial inquiry beyond their decision. It declares that, 'when the determination of the board of State canvassers is contested, the legislature, in joint convention, shall decide which person is elected.' Article 8, § 5.

"This provision was doubtless suggested by the serious difficulties which would attend inquiries into contested elections, where the ballots of a great number of election precincts would require to be counted and inspected, and probably also to discourage the needless litigation of the right to the higher public offices at the instance of disappointed candidates where the public interest does not appear to require it. A legislative body can exercise a discretion in such cases, and could not be compelled to enter upon such an inquiry except upon a preliminary showing which the courts are not at liberty to require. The conclusive character given to the certificate of the canvassers is

not a novelty. Similar provision has been made elsewhere."

Again, in the case of *Vance* v. *Board of Canvassers*, 95 Mich. 462 (54 N. W. 1084), this court had before it a contest by recount for the office of circuit judge. The recount had been had under the provisions of Act No. 208, Pub. Acts 1887, which by its terms was broad enough to include that office. The board of canvassers of St. Clair county was, however, required by this court to certify the returns as they stood before the recount. It was said by Mr. Justice MCGRATH, speaking for the court:

"The theory of the cases cited is that, inasmuch as another tribunal for that review has been provided by law in that class of cases, and the act in question does not in terms qualify the powers granted to such tribunal or limit the scope of the inquiry to be made by it, jurisdiction is exclusive in such tribunal, and boards of canvassers and the courts are without power in the premises."

This case was followed in *Pound* v. *Board of Canvassers*, 120 Mich. 181 (79 N. W. 114).

In *Belknap* v. *Board of Canvassers*, 94 Mich. 516 (54 N. W. 376), a recount had been had under the act of 1887, which by its terms was made available to "any candidate voted for at any election in this State." The office involved was that of congressman. Application was made to this court to compel the board of canvassers to canvass the votes in accordance with the original returns. The writ was granted on the ground that under the Federal Constitution the house of representatives is made judge of the election and qualifications of its own members and that the act of 1887 had no application.

Recently, and since the act under consideration became effective, Samuel W. Beakes, a candidate for the office of congressman from the second congressional

district at the general election of 1916, filed a petition under the provisions of this act with this respondent for a recount of the votes cast at such election. His petition was refused by the board. Upon application to this court for mandamus to compel action by the board this court refused to issue the order to show cause upon the grounds that the *Belknap Case* controlled.

In *Wheeler* v. *Board of Canvassers*, 94 Mich. 448 (53 N. W. 914), application was made to this court for mandamus to compel a recount, under the act of 1887, on the office of State senator. Under the Constitution of this State "each house shall judge of the qualifications, elections, and returns of its members." Based upon this provision of the Constitution and on the authority of *Naumann* v. *Board of Canvassers*, 73 Mich. 252 (41 N. W. 267), the writ was denied. Had the argument made in the instant case been there followed, the writ would of necessity have issued.

*People* v. *Harshaw*, 60 Mich. 200 (26 N. W. 879, 1 Am. St. Rep. 498), was an information to test respondent's right to the office of mayor of Alpena. Under the charter of the city of Alpena its common council was made the judge of the election and qualifications of its members. It was held that the mayor was a member of the common council, and that the action of the council was final, and not subject to review.

Other cases might be cited, but these are sufficient to demonstrate the rule adopted by this court. Running through all these cases is the rule, to my mind clear and distinct, that wherever by the organic law, whether Federal, State, or municipal, a tribunal is created to finally determine the right to an office, that tribunal is exclusive, and there, and there only, may the right to the office be tested. By the organic law of this State the legislature, sitting in joint convention, is made such tribunal as to the office here involved.

By that tribunal, and by that tribunal alone, may the ballots cast for the office of circuit judge be recounted, and the contest for this important office be decided.

I think the writ should be issued as prayed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.