O'NEILL *v.* BOARD OF STATE CANVASSERS.

ELECTIONS—RECOUNT—MEMBERS OF LEGISLATURE—CONSTITUTIONAL
LAW.

Under constitutional provision that each house shall be judge
of qualifications, elections, and returns of its members, State
board of canvassers has no authority or power to recount votes
cast for representative in State legislature (Constitution, art. 5,
§ 15).

Mandamus by Lawrence O'Neill against Board of
State Canvassers to compel denial of application for
recount of votes for office of representative in State
legislature. Walter F. Jackson, opposing candidate,
intervenes. Submitted December 3, 1932. (Calendar No. 36,980.) Writ granted December 7, 1932.

*Worcester & Worcester,* for plaintiff.

*Paul W. Voorhies,* Attorney General, and *Daniel
J. O'Hara,* Assistant Attorney General, for defendant.

*Arthur J. Butler,* for intervener.

PER CURIAM. Under the constitutional provision
(article 5, § 15) that "Each house shall judge of the
qualifications, elections and returns of its members,"
as construed and applied by this court in *Dingeman*
v. *State Board of Canvassers,* 198 Mich. 135, and the
authorities there cited, the State board of canvassers
has no authority or power to recount the votes cast
for a representative in the State legislature.

An order will be entered granting the petitioner
the relief prayed for in his petition. No costs will
be allowed.

As to determination of facts regarding custody of ballots since
original count as condition of recount, see annotation in 71 A. L. R.
435.