### Freeman M. McClintock v. Alva C. Laing et al.

*Office of Circuit Court Commissioner : How created.* The office of Circuit Court Commissioner is a constitutional, county office ; and can only be constituted as declared in the constitution. The Legislature has no power to confer on Recorders of Cities the office of Circuit Court Commissioner.

*Appeal bonds in Chancery : Defective approval : When amendable.* The approval of an appeal bond in chancery by the Recorder of a city, whose charter provided that he should be *ex officio* Circuit Court Commissioner, is ineffectual.

The act of approval of an appeal bond in Chancery is so connected with the bond and the giving of it, as for some purposes to be fairly construed a part of it : and when an ineffectual approval of such a bond was obtained, in good faith, from an officer acting under color of authority, it is within the provisions of § 4,543 Comp. Laws relative to amending defective bonds and substituting new ones.

*Heard October 19. Decided October 26.*

Motion to dismiss an appeal in Chancery.

The appeal bond in this case was approved by S. B. Raynale, " Recorder of the City of Corunna and *ex*

*officio* Circuit Court Commissioner of Shiawassee County."
§§ 9 and 10 of Chap. 6, of the act to incorporate the City
of Corunna were cited as conferring on the Recorder, the
necessary authority. These sections are as follow:—*Laws
of 1869 vol. 2 pp. 315, 316.*

§ 9. " The Recorder shall be, (by virtue of his office), a
justice of the peace, with all the like powers and duties
as other justices of the peace in said city; and shall give
bond and take the oath of office, as justices, before enter-
ing on the discharge of the duties thereof; but his title as
such justice shall be ' Recorder,' and his court shall be
denominated the ' Recorder's Court of the City of Co-
runna.' The records of such court, and all papers filed
therein, shall be delivered by the Recorder to his successor
in office, who shall proceed in all cases and determine the
same, without notice to parties."

§ 10. " The Recorder shall, in addition to the powers
and duties herein before or herein after mentioned, pos-
sess the same powers and duties as are now exercised by
the Circuit Court Commissioner of the county of Shiawas-
see, and he shall possess the qualifications requisite therefor,
and the Recorder is authorized to demand and receive the
same fees for the services so rendered, as are now by
law permitted to be demanded and received by the Circuit
Court Commissioner."

*E. Gould*, for the motion.

*H. McCurdy* and *C. Draper*, contra.

GRAVES J.

This is a motion to dismiss an appeal in Chancery on
the ground that the appeal bond was not approved by an
officer having authority to approve it.

By § 3,597 Comp. L. as amended in 1858 ( *Sess. L. 1858
p. 5 § 4*), the party taking an appeal is required to file

with the Register or Clerk of the Court below "a bond to
the appellee with sufficient sureties, to be approved by a
*Judge of the Circuit Court or a Circuit Commissioner,* and
in such sum *as such Judge or Commissioner* shall di-
rect."

The act incorporating the City of Corunna created the
office of Recorder to be filled by an election by the Elec-
tors of the city; and at the last election S. B. Raynale was
chosen. In defining the powers and duties of the Recorder,
the act provided that by virtue of his office he should be
a justice of the peace with all the like powers and duties
as other justices of the peace in said city, and that in
addition to his other powers and duties, he should possess
the same powers and duties as are exercised by the Circuit
Court Commissioner of the County of Shiawassee.

The charter also provided that the court to be held by
such officer, should be denominated the " Recorder's Court
of the City of Corunna," and that his title when exercis-
ing the powers of a justice should be "Recorder."

The approval of the bond in this case was made by
Mr. Raynale, while holding said office of Recorder, and his
certificate of approval endorsed on the bond is subscribed,
" S. B. Raynale, Recorder of the City of Corunna, and *ex-
officio* Circuit Court Commissioner, Shiawassee Co., Mich."

The first point presented by the motion, is whether this
officer was authorized to perform the official act in
question.

In proceeding to examine this point, it must be con-
ceded that in order to perform the act of approval in a
legal manner, Mr. Raynale must have been either a Circuit
Judge or Circuit Court Commissioner, or been by some law
empowered to perform the act in another capacity.

It is not asserted that the office of Recorder with
its powers and jurisdiction as constituted and given by the
charter of Corunna, aside from the provision purporting to
confer the powers of a Circuit Court Commissioner would

authorize the incumbent to perform the act which is assailed by the motion; and it cannot be maintained, that the language employed to clothe the Recorder with the powers of a Commissioner could have the effect to authorize him to discharge the duties specified in the section of the statute first mentioned, unless it should be found to bring him within the official description therein contained.

The law as amended in 1858 had explicitly designated by their official titles, the officers authorized to approve bonds in chancery appeals, and no others, though possessing superior authority, could legally do the business; nor could any authority to perform the act, be implied from a statute conferring power on a City Judge in terms so general as those, and to give the Recorder of Corunna an authority equivalent to that of a Circuit Court Commissioner.

It is seen therefore, that the approval of the bond by Mr. Raynale can only be supported by deciding that his becoming Recorder under the charter of Corunna made him a Circuit Court Commissioner.

As before observed, the statute relating to the approval of appeal bonds in chancery required the approval to be made by a *Circuit Judge or Circuit Court Commissioner*.

Mr. Raynale was not a Circuit Judge and he could not perform the act in question in his capacity of Recorder merely. In his certificate endorsed upon the Bond he described himself as Recorder and " *ex officio* Circuit Court Commissioner."

Was he a Circuit Court Commissioner ?

At the time of the adoption of the present Constitution. and long prior thereto, we had county officers, by law designated as Circuit Court Commissioners, who were authorized to perform many ministerial and judicial duties; and when the Constitution was framed, provision was made by § 16 of article 6 to retain these officers, but in so doing it was provided that they should be elected by the electors

of the county at large, except in case of a vacancy, when the Governor was authorized to appoint.

Although the Constitution does not bestow on these officers any official title, no doubt has ever existed as to what was intended.

From the adoption of the Constitution until the present time, the Legislature, and the Courts have always acted on the idea that the office known as Circuit Court Commissioner, when the first Constitution was in force, was meant to be perpetuated by § 16 of article 6 of the present Constitution.

The Circuit Court Commissioner, by whom appeal bonds in chancery are to be approved, must therefore be considered as the officer contemplated by this provision, and who is necessarily to be chosen by the electors of the whole county or appointed by the Governor.

The express requirement of the Constitution, as to the mode of choice, must not only preclude every other mode, but must be taken as a circumstance bearing upon the identity of the office.   The Legislature can in no manner infringe this fundamental regulation or evade its operation. Whatever power they may confer on local or municipal tribunals, the office of Circuit Court Commissioner can only be constituted as declared in the Constitution, and filled as therein provided, by the electors of the county, or in case of vacancy, by executive appointment.   And the provision in the charter of Corunna relating to the Recorder's Court, in so far as it may be regarded as an attempt to constitute the Recorder a Circuit Court Commissioner in virtue of his office as Recorder, is in conflict with the Constitution and invalid.

It follows from this view that Mr. Raynale was not a Circuit Court Commissioner and could not perform the act of approval which the case required.   The approval of the bond by him was therefore ineffectual.

But, we are of opinion however, that this defect is not

absolutely fatal to the appeal. The appellants appear to have acted in good faith. They obtained the approval of an officer having a colorable right to act, and unquestionably believed the proceeding to be legal and regular. They are consequently entitled to such favor from the Court as the law will sanction. The act of approval is so connected with the bond, and the giving of it, as for some purposes to be fairly considered a part of it. We think such is the case under the remedial provisions of § 4,543 Comp. L., which among other things in case of a defective bond allow it to be amended or a new one to be substituted.

The appellee will be entitled to the costs of this motion, and the appellants will be allowed thirty days to cause a new bond to be made and approved according to § 3,597 Comp. L., as amended by § 4 of act No. 4 of 1858, and substituted in place of the present defective one, as authorized by § 4,543 Comp. L., by filing the same with the return in this Court. And in case the appellants fail to complete the substitution of such new bond within the time specified, the appeal will stand dismissed.

COOLEY CH. J. and CAMPBELL J. concurred.

CHRISTIANCY J. concurred in the result.