## The People on the relation of the Attorney-General v. George V. N. Lothrop.

*Local municipal officers cannot be selected by any other than local authorities.* The functions of the park commissioners of the city of Detroit (See *2 Sess. L. 1871, p. 1322*) are local and municipal, and their selection cannot be properly made without the assent of the local people or authorities.—*People v. Hurlbut, supra, p. 44.*

*Ratification of action of park commissioners concludes all questions of their authority to act.* The board of park commissioners organized under the aforesaid act, and were classified for different terms according to its provisions. They selected a location for a park, and reported the same to the common council, and that body approved the location and adopted the resolutions required by the statute to provide for carrying out the plan. The mayor vetoed these resolutions, and the common council passed them over his veto. The mayor thereupon called a freemen's meeting to take action upon the question of issuing bonds in accordance with the act of incorporation:—

*Held,* That the ratification, by the common council in this form, of the action of the board, necessarily involves an approval of everything essential to give it validity, including, as a primary element of regularity, the right of the public agents to assume the agency.

*Heard January 3. Decided January 4.*

Information in the nature of a *quo warranto.*

*Dwight May, Attorney-General,* in person, for the relator.

*George V. N. Lothrop,* in person, for the respondent.

CAMPBELL, J.

This is a proceeding to try the right of the respondent to the office of park commissioner of the city of Detroit. He was one of the commissioners named in the act of incorporation, and the case shows that the board organized on the 20th of July, 1871, and were classified for different terms according to the statute. Subsequently, after selecting a location for a park, in October, 1871, the location was reported by the board to the common council of the city on the 21st day of November. The council, on the 8th day of December, approved the location and adopted

the resolutions required by the statute, to provide for carrying the plan into effect. The mayor having returned their resolutions without his approval, .and with a statement of his objections to the measure, the council, by the necessary vote, passed the resolutions over his veto on the 19th day of December, 1871, and the mayor, thereafter, on the 20th day of December, called a freemen's meeting to pass upon the question of issuing bonds, in accordance with the act of incorporation.

The functions of these commissioners are local, and municipal, and, as held by us in the cases decided under the public works bill, their selection cannot properly be made without the assent of the local people or authorities. The board have not only completed their organization, but have gone on with the most important part of their duties. And if they do not represent the will of the municipality in some way, it will be difficult to hold them entitled to act in its affairs.

But we think the facts in the case are such as to preclude any further dispute concerning the validity of their appointment. There has been no dissent during the time when they were acting under the law, but we are not informed by the record how far such silence alone would render it inequitable to object to their tenure. But when the board communicated directly with the council and reported their action for adoption and confirmation, it became incumbent on the council to determine speedily, whether to accept or to repudiate the appointments. They deliberately confirmed the action of the commissioners, and upon receiving a veto message from the mayor, they again confirmed it by the increased majority made necessary by law to overrule his objections. The action of the board has therefore been approved and ratified in the most solemn manner possible, and its ratification in this form necessarily

involves an approval of every thing necessary to give it validity,—including as a primary element of regularity the right of the public agents to assume the agency. It has always been held that the ratification of a treaty concluded all questions concerning the authority of the parties negotiating.—*Maiden v. Ingersoll, 6 Mich. R., 373.*

In a case like the present, where the only requisite to make the official right complete was the approval of the city authorities, the reasons are much stronger for holding the action of the council conclusive, because they must be assumed to be better informed than any one else concerning their own policy and interests.

We think the respondent has made out a complete right to his office, and judgment must go in his favor.

GRAVES and COOLEY, JJ., concurred.

CHRISTIANCY, CH. J., concurred in the result.