SEMPLINER *v.* FitzGERALD.

1. Court Commissioners—Vacancies—Statutes.

Statute providing that when a vacancy should occur in the office of a judge of a court of record, the governor should fill same by appointment and that appointee should hold office until his successor was elected and qualified has no application to the filling of a vacancy in the office of circuit court commissioner (1 Comp. Laws 1929, § 3368, as amended by Act No. 236, Pub. Acts 1931).

2. Officers—Vacancies—State and County Offices—Appointment.

Vacancies in State and county elective offices, except in the offices of State and Federal legislators and courts of record, are filled by appointment for the unexpired term, regardless of its length (Comp. Laws 1929, § 3365; § 3368, as amended by Act No. 236, Pub. Acts 1931; § 13530).

3. Same—Vacancies—Duration of Appointee's Term.

Generally appointments to fill vacancies in elective administrative offices are for the unexpired term while vacancies in the offices of courts of record and other judicial offices are filled by appointment until such time as a successor can be elected and qualified; all elections to fill vacancies being prescribed by statute.

4. Court Commissioners—Vacancies—Appointment.

Vacancies in the office of circuit court commissioner in a county having a population of 500,000 or more are to be filled by appointment and the appointee may hold his office until his successor is duly elected and qualified (3 Comp. Laws 1929, §§ 13697, 13718).

5. Elections—Statutes.

The right to hold an election cannot exist or be exercised without an express grant of the power to do so by the legislature.

6. Court Commissioners—Vacancies—Duration of Appointee's Term.

Since there is no provision in the statutes for the election of a circuit court commissioner to fill a vacancy, an appointment to fill a vacancy is for the unexpired term.

7. Quo Warranto—Mandamus—Court Commissioner.

Since the only way to try title to an office finally and conclusively is by quo warranto, where appellant had first been appointed to office of circuit court commissioner and appellee's election held pursuant to writ of mandamus was a nullity, in the absence of statute providing for an election to fill a vacancy in such office, appellant was entitled to the office (3 Comp. Laws 1929, §§ 13697, 13718).

Chandler, C. J., and Butzel and Bushnell, JJ., dissenting.

8. Same—Questions Reviewable—Court Commissioner—Vacancies—Appointment.

No opinion is expressed as to whether appointive power to fill a vacancy in office of circuit court commissioner is vested in the governor or in the probate judge, county clerk, and prosecuting attorney, where decision upon such question is not essential to determination as to party entitled to hold such office in quo warranto proceedings (1 Comp. Laws 1929, § 3369).

Per Boyles, North, Starr, Wiest, Butzel, Bushnell, and Sharpe, JJ.

9. COSTS—QUO WARRANTO—PUBLIC QUESTION.
    No costs are allowed in quo warranto proceeding to try title
        to office of circuit court commissioner, a public question
        being involved.

Appeal from Wayne; Verdier (Leonard D.), J., presiding. Submitted October 23, 1941. (Docket No. 95, Calendar No. 41,717.) Decided February 11, 1942. Rehearing denied March 17, 1942.

Information in the nature of quo warranto by Arthur W. Sempliner to test the right of Frank FitzGerald to hold the office of circuit court commissioner of Wayne county. Judgment for plaintiff. Defendant appeals. Reversed.

*Fred G. Dewey* and *A. W. Sempliner* (*Jason L. Honigman,* of counsel), for plaintiff.

*S. Reymont Paul* (*William M. Donnelly,* of counsel), for defendant.

SHARPE, J. This is a quo warranto proceeding to try title to the office of circuit court commissioner in Wayne county.

The facts are not in dispute. The Honorable George B. Murphy was elected circuit court commissioner of Wayne county for the term of six years beginning January 1, 1937. He resigned said office January 2, 1941. The governor of the State of Michigan immediately appointed the respondent, Frank FitzGerald, to fill the vacancy in said office. On January 9, 1941, respondent qualified and entered upon the duties of this office.

On January 11, 1941, the relator, Arthur W. Sempliner, sought to file nominating petitions for the purpose of having his name placed upon the ballot

for nominating candidates for said office in the primary election to be held on February 17, 1941. The county clerk of Wayne county refused to accept the petitions and a writ of mandamus was issued out of the circuit court of Wayne county. The county clerk and the board of election commissioners complied with the order of the circuit court and at the primary election held on the above date, relator and one Frank Lau were duly nominated as candidates to fill the alleged vacancy. At such primary election respondent did not seek nomination. At the election held April 7, 1941, relator received the highest number of votes cast of any candidate to fill the alleged vacancy in the office. On April 28, 1941, relator received his certificate of election to said office.

On April 29, 1941, relator made formal demand upon respondent to yield said office, but was refused and respondent continued to function as a circuit court commissioner of Wayne county.

Relator instituted quo warranto proceedings. A hearing was had; and at the conclusion of the hearing, the trial judge rendered an opinion in which he directed the entry of an order requiring respondent to give up his office to relator.

Respondent appeals and contends that his term of office as circuit court commissioner is for the residue of George B. Murphy's unexpired term, viz., that it extends to December 31, 1942, or at least until the November election in 1942.

The provisions made for filling a vacancy in the office of circuit court commissioner are found in 3 Comp. Laws 1929, § 13718 (Stat. Ann. § 27.241), which provides:

"Whenever a vacancy shall occur, for any cause, in the office of circuit court commissioner of any county, the governor may fill such vacancy by the

appointment of a person eligible to such office, who shall upon taking oath and executing and filing the bond, as provided in section one hundred of this chapter, be authorized and required to discharge all the duties of circuit court commissioner, and shall be liable to all the provisions of law touching said office, and shall hold the same until his successor shall be duly elected and qualified."

It is urged by relator that the office of circuit court commissioner is a court of record and that under the provisions of 1 Comp. Laws 1929, § 3368, as amended by Act No. 236, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 3368, Stat. Ann. § 6.714), an appointee to a vacancy in a court of record shall hold office only until a successor is elected at the next available general election; that the biennial spring election is a general election insofar as the office of circuit court commissioner is concerned; and that the decision of the trial court in the mandamus proceedings is *res judicata* of the issue involved in this case.

It is urged by respondent that 3 Comp. Laws 1929, § 13718, is a special statute providing for the appointment of a circuit court commissioner to fill a vacancy, said appointee to hold office "until his successor shall be duly elected and qualified;" that the election of a circuit court commissioner may be held only under the provisions of 1 Comp. Laws 1929, § 2997 (Stat. Ann. § 6.264), which provides that he shall be elected at the general November election; that no other statute authorizes the holding of an election of circuit court commissioners either for a regular term or to fill a vacancy; and that the alleged election held on April 8, 1941, was without authority of law.

We are not in accord with the claim of relator that the appointment to fill a vacancy in such office is

controlled by 1 Comp. Laws 1929, § 3368 as amended, *supra*. That section relates to a judge of a court of record and specifically provides that there shall be a person elected to fill the vacancy "at the next general November election or biennial spring election held at least ninety days after such vacancy shall occur." The above statute relates to courts of record and has no application to the filling of a vacancy in the office of circuit court commissioner.

The manner of filling vacancies in elective or appointive offices in the State of Michigan is prescribed by statute. In the case of county offices, such as sheriff, county clerk, county treasurer, prosecuting attorney, register of deeds, coroner, county surveyor, and county school commissioner, the person selected to fill such vacancy holds such office for the remainder of the unexpired term. In the case of vacancies in State offices, other than the office of senator or representative in the State legislature, senator or representative in congress, or a judge of a court of record, the governor fills such vacancy by appointment for the remainder of the unexpired term. 1 Comp. Laws 1929, § 3365 (Stat. Ann. § 6.711). Vacancy in the office of justice of the supreme court is filled by appointment of the governor and a successor is elected at the next general April or November election. 3 Comp. Laws 1929, § 13530 (Stat. Ann. § 27.24). Vacancy in the office of circuit judge is filled by appointment of the governor. The person appointed holds such office until his successor is elected and qualified. His successor is elected at the next general election or the biennial spring election held at least 90 days after such vacancy occurs. 1 Comp. Laws 1929, § 3368, as amended by Act No. 236, Pub. Acts 1931.

It is to be noted from the above that vacancies in county offices, except in courts of record, are filled

by appointment for the unexpired term. The law provides the manner of appointment and that such appointment shall be for the unexpired term, regardless of the length of the term, *i. e.*, whether two or four years. The same applies to State offices. In courts of record, such as the Supreme Court, circuit court, and probate court, the appointment is until a successor can be elected and qualified and the law provides the time at which a successor can be elected and qualified. A similar situation exists in the office of justice of the peace.

The general rule to be deduced from the above is that appointments to fill vacancies in administrative offices are for the unexpired term while vacancies in the offices of courts of record and other judicial offices are filled by appointment until such time as a successor can be elected and qualified. In all cases of election to fill vacancies, the manner of such election is prescribed by statute.

The legislature has spoken and provided that vacancies in the office of circuit court commissioner shall be filled under section 13718, *supra*. The above statute is silent as to the duration of the term of appointment other than that it shall be "until his successor shall be duly elected and qualified."

The issue is thus narrowed down to the simple question of when may a circuit court commissioner be duly elected?

In *People, ex rel. Fuller*, v. *Palmer*, 91 Mich. 283, 288, we said:

"The right to hold an election cannot exist or be exercised without an express grant of the power to do so by the legislature."

The law of Michigan relating to the election of circuit court commissioners is found in 3 Comp.

Laws 1929, § 13697 (Stat. Ann. § 27.219). It is there provided that:

"In each county in this State wherein the census of the United States shall show a population of five hundred thousand or more, there shall be, as soon as this act take effect, four such circuit court commissioners. At the general November election to be held in nineteen hundred thirty, there shall be elected four such circuit court commissioners in such counties, who shall enter upon the discharge of their duties on January one, nineteen hundred thirty-one, and shall hold their office for six years from that date; and at the general fall election to be held in nineteen hundred thirty-six, and every six years thereafter, there shall be elected for each of such counties, such four circuit court commissioners who shall enter upon the discharge of their duties on the first day of January succeeding their election, and who shall hold their offices six years."

No other statute authorizes the holding of an election of circuit court commissioners in counties having a population of 500,000 or more either for a regular term or to fill a vacancy. It is our opinion that the only time a circuit court commissioner can be elected is at the general November election. There being no provision in the law for the election of a circuit court commissioner to fill a vacancy, it follows that an appointment is for the unexpired term. If a change in the manner of filling a vacancy in the office of a circuit court commissioner in counties having a population of 500,000 or more is desirable, it should be made by enactment of proper legislation by the legislature.

It is next urged that the decision in the mandamus proceedings ordering the holding of an election was a decision *in rem;* that it adjudicated respondent's term of office. In *Frey* v. *Michie,* 68 Mich. 323, 327, we said: "The only way to try titles to office finally

and conclusively is by quo warranto.'' See, also, *Gildemeister* v. *Lindsay,* 212 Mich. 299.    In our opinion the mandamus proceeding was a nullity insofar as it affected the title to this office.

The judgment of the trial court is reversed.    Appellant is entitled to the office of circuit court commissioner of Wayne county for the term ending December 31, 1942.    No costs are allowed as a public question is involved.

BOYLES, NORTH, STARR, and WIEST, JJ.. concurred with SHARPE, J.

NORTH, J.    Since it is not essential to decision in the instant case, it should be expressly noted that we do not herein pass upon the question as to whether in event of a vacancy in the office of circuit court commissioner the power of appointing to fill such vacancy is vested in the governor or in the county officers designated in 1 Comp. Laws 1929, § 3369 (Stat. Ann. § 6.715).

BOYLES, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred with NORTH, J.

CHANDLER, C. J. (*dissenting*).    The meritorious question involved in this appeal is, ''When a vacancy in the office of circuit court commissioner occurs on January 2, 1941, preceding the general election of April, 1941, and is filled by appointment of the governor under 3 Comp. Laws 1929, § 13718 (Stat. Ann. § 27.241), may a successor be legally elected at such general election?''

The contention of appellant is in the negative.

The contention of appellee is contra.

Appellant also contends that the office of circuit court commissioner is a State office and that the appointment by the governor to fill vacancy is con-

trolled by 1 Comp. Laws 1929, § 3365 (Stat. Ann. § 6.711), and, therefore, respondent is entitled to hold the office for the remainder of his predecessor's unexpired term. We are not in accord with this argument made by appellant. This court has in effect said that the office of circuit court commissioner is a constitutional county office, and can only be constituted as declared in the Constitution. *McClintock* v. *Laing,* 19 Mich. 300. Justice GRAVES there said:

"At the time of the adoption of the present Constitution, and long prior thereto, we had county officers, by law designated as circuit court commissioners, who were authorized to perform many ministerial and judicial duties; and when the Constitution was framed, provision was made by section 16 of article 6 [Const. 1850], to retain these officers, but in so doing it was provided that they should be elected by the electors of the county at large, except in case of a vacancy, when the Governor was authorized to appoint.

"Although the Constitution does not bestow on these officers any official title, no doubt has ever existed as to what was intended.

"From the adoption of the Constitution until the present time, the legislature and the courts have always acted on the idea that the office known as circuit court commissioner, when the first Constitution was in force, was meant to be perpetuated by section 16 of article 6 of the present Constitution.

"The circuit court commissioner, by whom appeal bonds in chancery are to be approved, must therefore be considered as the officer contemplated by this provision, and who is necessarily to be chosen by the electors of the whole county, or appointed by the Governor.

"The express requirement of the Constitution, as to the mode of choice, must not only preclude every other mode, but must be taken as a circumstance

bearing upon the identity of the office. The legislature can in no manner infringe this fundamental regulation or evade its operation. Whatever power they may confer on local or municipal tribunals, the office of circuit court commissioner can only be constituted as declared in the Constitution, and filled as therein provided, by the electors of the county, or in case of vacancy, by executive appointment.''

Section 16 of article 6 of the Constitution of 1850, then in force, provided:

''The legislature may provide by law for the election of one or more persons in each organized county, who may be vested with judicial powers not exceeding those of a judge of the circuit court at chambers.''

We find this identical language in the present Constitution (1908), art. 7, § 21.

We must, therefore, conclude that the office of circuit court commissioner is a county one and that the provision of 1 Comp. Laws 1929, § 3365 (Stat. Ann. § 6.711), providing for the filling of vacancies in State offices is not applicable here.

Neither are we in accord with the position taken by the appellee that the circuit court commissioner's court is one of record. Courts of record are defined by our present Constitution (1908), art. 7, § 17, as follows:

''The Supreme Court and the circuit and probate courts of each county shall be courts of record, and shall each have a common seal.''

In *Attorney General, ex rel. Danhof,* v. *Renihan,* 184 Mich. 272, and in *People* v. *Jones,* 220 Mich. 633, we held that the legislature is not prohibited by this section from creating courts of record other than those specified in the foregoing constitutional provision, and we find legislation creating other courts

of record, for instance the recorder's court of the city of Detroit* and the superior court of the city of Grand Rapids,† but nowhere do we find legislative action making the court of the circuit court commissioner one of record, so we reach the conclusion that plaintiff's contention is without merit.

I am in accord with the conclusion reached by Justice Sharpe that the decision in the mandamus proceeding ordering the holding of an election did not adjudicate the term of respondent's office, and that "the only way to try titles to office finally and conclusively is by quo warranto," but I am not in accord with his determination that the only time a circuit court commissioner can be elected is at the November general election and that an appointment by the governor to fill a vacancy in said office is under all circumstances for the unexpired term of the appointee's predecessor.

In the instant case a general election intervened between the date of respondent's appointment and the date of the expiration of the term of office of his predecessor, the date of said general election being such as to give ample time subsequent to such appointment and before said election as to enable the election officials to comply with the provisions of the election laws relative to the notice of election and all other requirements incident thereto. Plaintiff and others complied with the requirements of the primary election law and, at said primary election, plaintiff and one Frank Lau were duly nominated and became candidates for such office at said general election held April 7, 1941, at which plaintiff received the highest number of votes cast for any candidate for the vacancy in said office of

---

* See 3 Comp. Laws 1929, § 16290 et seq. (Stat. Ann. § 27.3551 et seq.).—Reporter.

† See 3 Comp. Laws 1929, § 16339 et seq. (Stat. Ann. § 27.3611 et seq.).—Reporter.

circuit court commissioner, and later duly qualified for said office by taking the constitutional oath of office and filing a bond as required by law.

The statute now in effect providing for the election of circuit court commissioners is 3 Comp. Laws 1929, § 13697 (Stat. Ann. § 27.219).

The statute providing for the filling of a vacancy in the office of circuit court commissioner of any county is 3 Comp. Laws 1929, § 13718 (Stat. Ann. § 27.241), and contains the provision that said appointee "shall hold the same (office) until his successor shall be duly elected and qualified."

Prior to the enactment of Act No. 351, Pub. Acts 1925, the statute in force provided: "The words general election shall be construed to mean the election required by law to be held in the month of November." 1 Comp. Laws 1929, § 76, subd. 19 (Stat. Ann. § 2.212, subd. 19). In Act No. 351, part 1, chap. 1, § 5, Pub. Acts 1925 (1 Comp. Laws 1929, § 2751 [Stat. Ann. § 6.5]), the following provision was enacted to read as follows: "The words general election as used in this act shall mean either the general November election or the biennial spring election." By Act No. 60, Pub. Acts 1939, effective September 29, 1939, 1 Comp. Laws 1929, § 76, was amended to read as follows: "The words general election shall be construed to mean the elections required by law to be held in the months of November and April, but shall not be deemed to include any primary election." (Comp. Laws Supp. 1940, § 76, subd. 19, Stat. Ann. 1941 Cum. Supp. § 2.212, subd. 19.)

It is the contention of appellant that, if his successor must be elected in the next general election, such election can only take place at the biennial November election in 1942, and not in the biennial spring election which was held in April, 1941, and

cites and relies upon *People, ex rel. Fuller,* v. *Palmer,* 91 Mich. 283, and this authority seems to have been the one relied upon by Justice Sharpe in support of his determination that the only time a circuit court commissioner can be elected is at the general November election.

The decision of this court in the *Palmer Case,* as applied to the instant case, must be considered in the light of the present statutes. At the time of the decision in the *Palmer Case,* the April election was not a general election, and the question of the appointee in that case holding the office for the remainder of the unexpired term of his predecessor was neither raised nor decided. The court there held that Judge Palmer, who was appointed probate judge to fill a vacancy caused by the resignation of Judge Wallace on November 12, 1890, could not be succeeded by one elected at the spring election and that his successor could not be elected until the next general election.

We think the reasoning of this court in the *Palmer Case,* in the light of the statutes of this State in force since 1939, requires an opposite conclusion to that reached by Justice Sharpe, and requires a holding that the relator, Arthur W. Sempliner, was lawfully elected as the successor at the general spring election in 1941.

Under the statute now in force a circuit court commissioner in the county of Wayne is elected for a six-year term and, if the opinion of Justice Sharpe is to be given effect, it means that, if a vacancy occurs shortly after the term of an elected circuit court commissioner in said county, such appointee can hold office for approximately six years. This result is contrary to the basic principle of law that vacancies in elective offices shall be filled by the electors at the earliest possible time.

In construing the language in 3 Comp. Laws 1929, § 13718 (Stat. Ann. § 27.241), we find it necessary to consider the basic principles of statutory construction applicable to legislation concerning public office.

The general rule is well stated in 22 R. C. L. p. 550, § 250, and which was adopted by this court in the case of *Chamski* v. *Wayne County Board of Auditors,* 288 Mich. 238, 246. It is:

" 'One of the most approved rules is, that of two possible modes of construing the statute, that one should be followed which fixes the term at the shortest period. This principle has been illustrated in interpreting a statute providing that a stenographer appointed by a judge "shall hold his office during the term of the judge appointing him." Although it was possible to assert that the appointee should hold office for the term for which the appointing judge had been elected, it was decided that the act meant that the stenographer should go out of office when the judge making the appointment went out, this being the shorter of the two alternatives.' "

We find this rule stated thusly in 46 C. J. p. 965, § 101:

"If the language of the statute specifying the term of office of an official is ambiguous, the interpretation which limits the term to the shortest time will be adopted."

Attention is also called to the following language from 46 C. J. p. 977, § 128:

"Since it is the general policy of the law to fill vacancies in elective offices, by an election, as soon as practicable after the vacancy occurs, it is frequently provided that in the case of vacancy in elective offices the appointment shall be for the pe-

riod until there can be an election. of an officer who will hold for the balance of the unexpired term. A general statute of this kind is applicable to a particular office where the law relating thereto makes no mention of the term of the appointee and where nothing in the law is in conflict with such general provisions. When it is provided that such an appointment by the executive shall expire when a successor shall have been 'elected and qualified,' the appointee holds only until the next general election, and the governor cannot appoint for the unexpired term.''

Applying the foregoing rule to the instant case it is clear that the appointment of respondent gave him the right to the office of circuit court commissioner of Wayne county only until a successor was elected at the next general election which, under the statute in force at the time of such appointment, was the April, 1941, election.

The law laid down in the case of *Attorney General, ex rel. Lawrence,* v. *Trombly,* 89 Mich. 50, 57, is in accord with the foregoing statement from 46 C. J. *supra.* We quote from the opinion of Justice McGrath in the *Trombly Case:*

''The legislature cannot divest the people of the county of Wayne of the right to select their own officers in the usual manner. Here Mahoney died during the first year of his term, leaving an unexpired term of nearly two and one-half years. As was said by Justice Morse in *Lawrence* v. *Hanley* (84 Mich. 399):

'' 'It is the plain intention of all the statutes, taken together, that this office shall be an elective one; and the governor is not authorized to fill it for a full term.' * * *

''In the present case, assuming that the governor had the power to make provisional appointments, the appointment of the relator, when made, was by

authority. Relator was auditor *de jure* until the next general election occurring after the appointment. Title to an elective office can only be conferred by the people by an election thereto, and it is only by and through an election that the people can act with respect to an elective office.''

See, also: *People, ex rel. Attorney General, v; Burch,* 84 Mich. 408; *Adsit* v. *Secretary of State,* 84 Mich. 420 (11 L. R. A. 534); *People, ex rel. Andrews,* v. *Lord,* 9 Mich. 226.

The only statutory provisions that we are able to find authorizing appointees to a vacancy to hold office for the unexpired term of their predecessors are 1 Comp. Laws 1929, § 3365 (Stat. Ann. § 6.711), authorizing the governor to appoint certain State officers, and 1 Comp. Laws 1929, § 3369 (Stat. Ann. § 6.715), authorizing the appointment of certain county officers. We think it quite significant as bearing upon the legislative intent that the full term of none of the officers mentioned in the foregoing sections is for more than two years, while the probate judge, a county officer whose term is four years, and the circuit and Supreme Court judges, State officers, are six and eight years, respectively, which appointments continue until their successors are duly elected and qualified. In these instances, as applied to Supreme Court and circuit court judges, it is also provided that their successors shall be elected at the next general election in case such vacancy occurs more than 90 days before such election.

The principle of law applicable to the case at bar we find most ably and fully discussed in the case of *State, ex rel. Whitney,* v. *Johns,* 3 Ore. 533. The supreme court there said:

''As has before been stated the governor's act in appointing Geary was lawful and proper, but we

are of the opinion, that he has no power or authority to fill any vacancy by appointment, which appointment shall extend beyond the general election next following. The power reposed in the executive by section 16 of article 5 of the Constitution is not absolute, but limited and qualified and was only reposed in him for filling vacancies in office until such time as the people, the repository of all power, could act thereon and fill them as at the recurrence of a general election. The persons so appointed merely hold office temporarily so that public business may not be retarded or disturbed by the death or resignation of the elected incumbent. As to the appointive power of the governor, it appears from the Constitution and from our system of government that it was the manifest intention of the framers and founders thereof to restrict the same within the narrowest limits. Indeed the weight of authority very decidedly supports this theory. * * * To hold that the power of the governor is so great that he can prevent the people from selecting their officers at any time when in so doing the fundamental law is not infringed would be contrary to the spirit of our form of government."

We wish to call attention to the following cases, which we think sustain the contention of the appellee in this case that he is the duly elected and qualified circuit court commissioner of Wayne county to fill the vacancy caused by the resignation of George B. Murphy: *O'Connell* v. *Corscadden* (1926), 243 N. Y. 86 (152 N. E. 473); *State, ex rel. Custer,* v. *Schortemeier* (1926), 197 Ind. 507 (151 N. E. 407); *State, ex rel. Rearick,* v. *Lyman County Board of Commissioners* (1914), 34 S. D. 256 (145 N. W. 548); *State, ex rel. Worrell,* v. *Peelle* (1889), 121 Ind. 495 (22 N. E. 654).

That the position here presented is sustained by overwhelming authority is clear. As recently as

1938 in *Wing* v. *Ryan,* 255 App. Div. 163, 167 (6 N. Y. Supp. [2d] 825), affirmed 278 N. Y. 710 (17 N. E. [2d] 133), the New York court said:

"It is a fundamental principle of our form of government that a vacancy in an elective office should be filled by election as soon as practical after the vacancy occurs."

A summary of authority is found in 50 L. R. A. (N. S.) 347.

We repeat that the proper construction of 3 Comp. Laws 1929, § 13718 (Stat. Ann. § 27.241), requires the determination that the respondent can hold the office of circuit court commissioner only until his successor is elected at the next available general election and has duly qualified. Such an election was held and relator was elected by the vote of the people to hold that office for the balance of the unexpired term.

The judgment of the trial court should be affirmed. A public question being involved, no costs will be allowed.

BUTZEL and BUSHNELL, JJ., concurred with CHANDLER, C. J.