HAFELI v. WAYNE COUNTY CLERK.

1. Officers—Removal by Governor—Vacancies.
   Upon removal by governor of member of board of county auditors, a vacancy in such office was thereby created (1 Comp. Laws 1929, §§ 3350, 3353).

2. Statutes—Appointment of County Officers—Local Self-Government.
   Statute providing for appointment by judge of probate, county clerk and prosecuting attorney to fill vacancies in elective or appointive county offices for the remainder of the unexpired term is in accord with the principle of local self-government and not shown to be unconstitutional (1 Comp. Laws 1929, § 3369).

3. Officers—Vacancies—Appointment for Balance of Unexpired Term.
   Appointee of judge of probate, county clerk, and prosecuting attorney to fill vacancy in office of county auditor for re-

mainder of unexpired term, ending December 31, 1944, pursuant to statute vesting power of appointment to such office in officers named, was legally appointed for balance of term, there being no express provision in the Constitution for filling a vacancy in such office; hence there was no vacancy to be filled in November election in 1942 (Const. 1908, art. 16, § 5; 1 Comp. Laws 1929, § 3369).

4. Mandamus—Elections—Nominating   Petitions—Affidavits— Filing—Vacancies.

Since officer with whom nominating petitions and statutory affidavit were required to be filed by statute was justified in refusing to accept petitions and affidavit for an office to which plaintiff had been appointed to fill vacancy, not provisionally until next election, but for remainder of unexpired term, mandamus to compel acceptance of such papers is denied (1 Comp. Laws 1929, § 3369).

5. Costs—Public Question—Construction of Statutes—Vacancies in Public Office.

No costs are allowed in mandamus proceeding involving construction of statutes relative to appointment to fill vacancy to public office, a public question being involved (Const. 1908, art. 16, § 5; 1 Comp. Laws 1929, § 3369).

Mandamus by Ray Hafeli to compel Casper J. Lingeman, Wayne County Clerk, to accept and file nominating petitions for the office of member of the board of county auditors. Submitted July 1, 1942. (Calendar No. 42,075.) Writ denied July 16, 1942.

*William M. Donnelly* and *John C. Donnelly,* for plaintiff.

*William E. Dowling,* Prosecuting Attorney, and *Samuel Brezner,* Assistant Prosecuting Attorney, for defendant.

Starr, J. Plaintiff, as a resident and as a qualified and registered elector of the city of Detroit, Wayne county, files petition for writ of mandamus to compel defendant, as county clerk of Wayne

county, to accept and file plaintiff's nomination petitions for the office of member of the board of county auditors for Wayne county. An order to show cause was entered and defendant filed answer, denying plaintiff's right to such writ.

From the petition and answer it appears that one Ray D. Schneider was, prior to January 30, 1942, elected a member of the board of county auditors for Wayne county for the term ending December 31, 1944. It further appears that on January 30, 1942, Schneider was, for cause, removed from such office by the governor of the State, thereby creating a vacancy in the office (1 Comp. Laws 1929, § 3353 [Stat. Ann. § 6.696]; 1 Comp. Laws 1929, § 3350 [Stat. Ann. § 6.693]). On February 4, 1942, the judge of probate, county clerk, and prosecuting attorney of Wayne county appointed plaintiff to "the office of county auditor for the county of Wayne and member of the board of county auditors for the county of Wayne," to fill the vacancy caused by the removal of Schneider. Plaintiff's appointment was made in pursuance of 1 Comp. Laws 1929, § 3369 (Stat. Ann. § 6.715), which provides:

"When a vacancy shall occur in an elective or appointive county office, it shall be filled in the following manner:

"1. If the vacancy shall be in the office of county clerk or prosecuting attorney it shall be filled by appointment by the judge or judges of that judicial circuit and the person appointed shall hold office for the remainder of the unexpired term.

"2. If the vacancy shall be in any other county office, either elective or appointive, the judge of probate, the county clerk and the prosecuting attorney shall appoint some suitable person to fill such vacancy *and the person so appointed shall*

*hold such office for the remainder, of the unexpired term."*

Plaintiff's appointment stated that he was "to fill said vacancy, and to hold said office for the remainder of the unexpired term, to-wit: December 31, 1944." Plaintiff qualified and took office under such appointment.

On June 3, 1942, plaintiff, as a citizen and as a qualified and registered elector (not in his capacity as county auditor), sought to file with defendant, as county clerk, plaintiff's nomination petitions for the office of member of the board of county auditors for Wayne county, on the Democratic ticket, to fill the vacancy for the term ending December 31, 1944. Plaintiff sought to file such nomination petitions in pursuance of his contention that candidates for the vacancy in such office for the balance of the unexpired term would be voted for at the general election, to be held in November, 1942, the primary for which election would be held in September, 1942. Plaintiff also sought to file, accompanying such nomination petitions, the affidavit required by Act No. 351, pt. 3, chap. 3, § 22, Pub. Acts 1925, as added by Act No. 348, Pub. Acts 1941 (Comp. Laws Supp. 1942, § 2883-4, Stat. Ann. 1941 Cum. Supp. § 6.141 [1]).

Defendant's answer admits that such nomination petitions, sought to be filed by plaintiff, were in proper form and complied with the laws of the State. However, defendant refused to accept plaintiff's nomination petitions and affidavit on the ground that there was no vacancy in the office of member of the board of county auditors for Wayne county to be filled at the general election in 1942.

The question is: Was plaintiff's appointment as a member of the board of county auditors for Wayne county for the balance of the term, expiring Decem-

ber 31, 1944, a valid and legal appointment, or, was his appointment only provisional until the vacancy for the balance of the unexpired term could be filled at the general election in November, 1942?

The terms of the statute, 1 Comp. Laws 1929, § 3369 (Stat. Ann. § 6.715), above quoted, under which plaintiff was appointed, are plain and unequivocal. If such statute is constitutional as a proper exercise of legislative power, it is clear that plaintiff's appointment for the balance of the term, ending December 31, 1944, was valid and legal. If such statute is not constitutional then plaintiff's appointment was only provisional until the vacancy for the balance of the unexpired term could be filled at the next general election in 1942. Michigan Constitution 1908, art. 16, § 5, states:

"The legislature may provide by law the cases in which any office shall be deemed vacant and the manner of filling vacancies, where no provision is made in this Constitution."

The Constitution contains no express provision for the filling of a vacancy in the office of member of the board of county auditors for Wayne county.

Plaintiff cites and relies upon the case of *Attorney General, ex rel. Lawrence,* v. *Trombly,* 89 Mich. 50, as authority for his contention that the above-quoted statute, under which he was appointed, is unconstitutional. The decision in the *Trombly Case* is readily distinguishable from the present case. In the *Trombly Case* the vacancy in the office of county auditor was filled by appointment by the governor in pursuance of Act No. 167, Pub. Acts 1857 (How. Stat. § 667). Such act was held unconstitutional because it divested "the people of the county of Wayne of the right to select their own officers in the usual manner" and deprived the "electors of counties

of their constitutional right to elect for the unexpired term.''

In the present case, plaintiff was not appointed by a State official, having no immediate concern with local county affairs, but was appointed by the judge of probate, county clerk, and prosecuting attorney of Wayne county. The present statute does not interfere with but, on the contrary, is in accord with ''the principle of local self-government.'' Therefore, such statute is not subject to the infirmity of the act of 1857, which was held unconstitutional in the *Trombly Case.*

We conclude that the present statute above quoted, under which plaintiff was appointed, was a proper exercise of legislative power and is constitutional. The appointment of plaintiff as a member of the board of auditors for Wayne county for the remainder of the term, expiring December 31, 1944, was a valid and legal appointment. Our conclusion is in accord with our recent decision in *Sempliner* v. *FitzGerald,* 300 Mich. 537. See, also, *People, ex rel. Le Roy,* v. *Hurlbut,* 24 Mich. 44 (9 Am. Rep. 103); *People, ex rel. Attorney General,* v. *Lothrop,* 24 Mich. 235; 11 Am. Jur. pp. 613–615.

As plaintiff's appointment was for the remainder of such unexpired term, ending December 31, 1944, no vacancy will exist in such office to be filled at the general election in November, 1942. Therefore, defendant was justified in refusing to accept plaintiff's nomination petitions and affidavit.

Plaintiff's petition for writ of mandamus is denied. A public question being involved, no costs are allowed.

BOYLES, NORTH, and SHARPE, JJ., concurred with STARR, J.

BUTZEL, J. (*concurring*). We concur in denying a writ of mandamus. While we are unable to distinguish the instant case from *Attorney General, ex rel. Lawrence,* v. *Trombly,* 89 Mich. 50, we are bound by the majority opinion in the recent case of *Sempliner* v. *Fitzgerald,* 300 Mich. 537.

CHANDLER, C. J., and BUSHNELL, J., concurred with BUTZEL, J. WIEST, J., took no part in this decision.