HENRY W. COOLEY RELATOR v. PETER W. ASHLEY.

*Quo warranto—Incomplete finding.*

Proceedings by *quo warranto* for the office of alderman were dismissed for want of jurisdiction upon a finding which did not show how many votes were cast, or how many for either party, or that either received more than the other, and which recited the acts of the election inspectors without deciding upon their accuracy. *Held* that the finding was not full enough to justify final judgment in the appellate court.

Error to St. Clair. Submitted April 9. Decided April 30.

INFORMATION in the nature of *quo warranto*. Relator brings error.

*Alex. R. Avery, Chas. R. Brown,* and *H. W. Stevens* for plaintiff in error.

*Elliott G. Stevenson* for defendant in error.

GRAVES, J. This is a controversy for the office of alderman in the city of Port Huron. Relator and respondent were opposing candidates in the sixth ward at the election held in April, 1879, and the relator was declared by the inspectors to have been elected, and subsequently he received the election certificate. He accordingly took his place as alderman and acted during several sessions; but at a special meeting of the common council held on the 30th of April the question of his election was regularly brought forward and a petition was presented from the respondent setting up that his vote was in truth larger than that of relator, and that the announcement of relator's election, by the inspectors, and the giving to him of the certificate, were owing to a mistake by the inspectors in counting the ballots, and the respondent prayed the common council to re-count the ballots and to admit him to the seat in case it should be found that his vote exceeded that cast for relator.

May 5th there was a regular meeting of the council, and proceedings were then taken on the petition, by which, as was claimed by respondent, the relator was lawfully ousted and respondent admitted. Relator contends that these proceedings were carried on irregularly and when there was no quorum, and that they were wholly void. From that time however the respondent was recognized by the mayor and clerk as alderman in place of relator.

Up to the respondent's admission, and during these proceedings, the charter provided that "the common council shall be the judge of the election and qualifications of its members, and shall have power to determine contested elections." Local Acts of 1877 p. 211 § 6. And the law so continued until May 31, 1879, at which time a provision repealing this regulation took effect. Local Acts 1879 p. 277 § 11.

Immediately after this repealing act came into operation the relator filed an information in the nature of quo warranto in the court below, and in due season the case was brought to issue and tried before the circuit judge, sitting without a jury. He filed a special finding of facts, but determined finally that the right was exclusive in the common council, in case of controversy, to decide who were elected aldermen, and that the court had no jurisdiction, and dismissed the case. The relator brought error.

On recurring to the facts settled by the circuit judge we find that they are not sufficient to support any judgment on the merits. There is no finding at all on the important issues. It is not found how many votes were cast for the office, or the number given for either party; nor is it found that the one or the other received a majority, or that either received a larger number than the other. It is true the judge gives the doings of the inspectors; but they are not set forth as his findings for himself of what votes were given, or for whom. They

are merely set forth historically. The accuracy of their proceedings was one of the matters brought into question, and they are not facts on which the issues can be decided. The circumstance that they took place is not decisive that they were true and right. The controversy ought not to be settled piecemeal.

The case was tried upon the merits, and the finding should have been made full enough to enable the court to decide the whole contention in the event of a conclusion favorable to the jurisdiction. As the record is shaped no such result is possible. Were we to investigate the subject on this record so far as practicable and finally come to an opinion on the point of jurisdiction adverse to that of the circuit judge, no final judgment could be given. The case would have to go back with the chance of its coming up again upon the state of facts that should have been made up at first. A sanction would be given to fishing appeals and experiments both impolitic and expensive. The question of jurisdiction ruled by the circuit judge is one of importance and no little difficulty, and it ought not to be considered unless upon a finding sufficient to support an explicit and final determination whether the conclusion on that question is one way or the other.

The case is very much in the predicament of *People v. Doesburg* 17 Mich. 135. It is substantially an instance of mistrial, and in case the parties consider the object of sufficient importance, which is hardly probable, there must be another trial.

The other Justices concurred.