PETER DORAN v. NELSON DELONG ET AL.

*Aldermen—Contested Seat—Rehearing by subsequent council—Declaring vacancy.*

The charter of Muskegon makes the common council judges of the election or qualification of its members. *Held* that this power expires with the council that admits a member, and a re-hearing of the questions cannot be granted by any subsequent council.

A common council has no authority to declare vacant a seat held by one whose title is regular and who disputes the facts which are claimed to make him incompetent; the question whether he has disqualified himself can be tried only by a judicial tribunal.

Mandamus proceedings to compel the restoration of an alderman to a seat from which he has been wrongfully removed by the council do not concern the legality of his title.

MANDAMUS to compel the mayor of Muskegon and certain members of the common council to vacate a resolution whereby relator's seat in the council had been declared vacant, and to require the respondents to treat relator as entitled to it. The charter of Muskegon provides that " the common council shall be judges of the election, and the qualification of its own members, and shall have the power to determine contested elections." Section 33. And the mayor

and other respondents, at a special meeting of which notice was not given to relator, declared the latter's seat vacant on the ground that he had removed from the ward which he represented. Motion submitted June 20. Denied June 21.

*James H. Campbell* for relator. A certificate of election confers a *prima facie* right to the office until voluntarily surrendered or divested by judicial action: *People v. Miller* 16 Mich. 56; *People v. Cicott* id. 283; *Keeler v. Robertson* 27 Mich. 116; *People v. Board of Education* 38 Mich. 95; *Jhons v. People* 25 Mich. 499; *In the Matter of Corrigan* 37 Mich. 66; *Bird v. Perkins* 33 Mich. 28; *Gordon v. Farrar* 2 Doug. (Mich.) 411; the validity of his election must generally be tried on an information in the nature of a *quo warranto*: Dillon Mun. Corp. § 843; High Ext. Leg. Rem. 49, 57, 77.

*Nelson DeLong*, in person, for respondents.

GRAVES, C. J. The petitioner was regularly admitted to the office, and was an alderman *de facto*.

The respondents ejected him and now offer to justify it: 1st, on the ground that he lacked legal capacity to take the office; and 2d, on the ground that he subsequently disqualified himself by removing from the ward.

The legislative authority to try relator's capacity to receive the office expired with the council that acknowledged his capacity and received him, and whatever as matter of fact and law may be true in regard to his having disqualified himself by removal from the ward, the question was not triable by the council, but only by a judicial tribunal; and the end of this proceeding, which is only to correct the wrong done by respondents in presuming to remove him, is not to be defeated by converting it into a trial of the abstract right.

The present remedy has no concern with the legality of relator's title. It relates solely and exclusively to the right of respondents to pass upon it.

CAMPBELL, J.　The decision of the common council upon the original admission of relator to the office of alderman was under the charter conclusive upon all questions of qualification or election.　It may be that within a reasonable time that council might for sufficient cause have granted a re-hearing—as was done in the Port Huron case.　*Cooley v. Fitzgerald*, 41 Mich. 2; *Cooley v. Ashley*, 43 Mich. 458. But this could not be done by any subsequent council, and the power to reconsider ended at least as early as the termination of the former council, if not earlier.　All these questions are, I think, closed during the remainder of relator's official term.

So far as declaring a vacancy is concerned I do not think it can be done in any case where the office is actually held by a person in by regular title and disputing the facts claimed to make him incompetent.　No power to decide that a vacancy exists in such a case has been vested in the council, and I think relator is entitled to hold during his term.