THE PEOPLE, ON THE RELATION OF LEMUEL G. DAFOE, PROSECUTING ATTORNEY v. ANDREW HARSHAW.

*City Officers—Council, final judges of their election and qualifications—*
*Legislature may vest such power in council—Mayor*
*is a member of council.*

1. A provision in a city charter declaring "that the common council shall be the judge of the election and qualifications of its own members, and shall have power to determine contested elections, etc.," is conclusive as to the authority of the council, whose action is final and not subject to review.

2. Under the section cited, the mayor is a member of the common council.

3. The remedy invoked, as also the old writ of quo warranto, never existed as a matter of right, hence the Legislature has power to leave cities to determine the title of their own officers without further review.

Error to Alpena.   (Emerick, J.)   Argued February 11, 1886.   Decided February 17, 1886.

Information to determine the title of respondent to the office of Mayor of Alpena. Relator brings error. Judgment for respondent affirmed. The facts are stated in the opinion.

*L. G. Dafoe & R. J. Kelley*, for relator.

*A. R. McDonald & J. D. Turnbull*, for respondent.

CAMPBELL, C. J. The present proceeding by information in the nature of quo warranto was filed to determine the title of respondent to the office of mayor of Alpena. The plea averred an election, and subsequent determination by the common council that he was duly elected. The only question is, whether the action of the common council is final in such matters.

By the charter of Alpena it is provided that "the mayor, recorder, and aldermen, when assembled together and organized, shall constitute the common council of the city of Alpena," etc. Sec. 6, Laws of 1871, vol. 2, p. 79. All of the corporate powers of the city are vested in this body. By section 15 it is declared that,

"The common council shall be the judge of the election and qualifications of its own members, and shall have the power to determine contested elections, to compel the attendance of absent members, to determine the rules of proceedings, and pass all by-laws and rules necessary and convenient for the transaction of business not inconsistent with the provisions of this act."

As this Court has on several occasions determined that where such a provision is contained in a city charter it is conclusive, there is no occasion to discuss the question of authority: *People v. Mayor of Port Huron*, 41 Mich. 2; *Cooley v. Ashley*, 43 Mich. 458; *Alter v. Simpson*, 46 Mich. 138; *Doran v. De Long*, 48 Mich. 552. The same provision is found in many of our charters, and is incorporated in the general statutes for the incorporation of cities: How. Stat. § 2514.

There can be no doubt that under the section in question the mayor is a member of the common council.

City charters here, as in England, do not always agree in the constituents of this body. In some cases there is a sep- arate council which is only one of the parts of the city legis- lature, and requiring the approval of another board, or of the mayor, acting separately, as the governor does, to com- plete their action. But most of our cities in their earlier stages, if not permanently, have had a council where the mayor sits in person, and over whose action he has no veto. And in all such corporations he has been deemed a member as clearly as the alderman ; and, so far as any such provision as this is concerned, there appears to be no reason for a dis- tinction.

The value and importance of the remedy by information, where not otherwise provided for, is recognized. But that remedy, as well as the one by the old writ of quo warranto, never existed as a matter of right, but was subject to the discretion of the court in disputes concerning corporate offi- cers. The courts exercised a broad discretion, and in offices of short duration there is not much to favor interference in ordinary cases. In *Rex v. Dawbeny*, Str. 1196, it was held not proper in the case of a churchwarden who, although having important local functions, was chosen annually. The information in its modern form is a statutory, and not a com- mon-law, proceeding ; and where a remedy is not one of right, but of discretion, it would be going too far to hold that it could not be withheld by the Legislature in cases where for- merly the courts could have withheld it.

Our constitution in express terms vests all the judicial power in courts, and no such power can exist in a legislative body. It has nevertheless been deemed wise, to avoid the delays and difficulties of legal disputes, to provide for a final adjudication of the title to office, not only of members of the Legislature, but of all the state officers and judges, either in the houses of the Legislature or in the board of state can- vassers: *People v. Goodwin*, 22 Mich. 496. Our Legislature has been careful to leave these matters in all proper cases open to judicial controversy, but in cities, where the tenure of office is short, and is of local rather than general interest,

it has been common from a very early period, in creating these municipal legislatures, to give them the same power of determination in local offices that is given to the State Legislature, or its houses, in state offices.

In *People v. Sweeting*, 2 Johns. 184, the Supreme Court of New York denied leave to the Attorney General to file an information against a local officer, when there could be no determination of the case before a new election. The same rule was laid down by the Supreme Court of Massachusetts in *Com. v. Athearn*, 3 Mass. 285; and in *State v. Tudor*, 5 Day, 329, where a case came up on error, the Supreme Court of Connecticut, although discovering error, refused to send the case back for a new trial after the office had expired. All of these cases show that the remedy is, at common law, not a matter of right, and, being so, it cannot be held beyond the power of the Legislature to leave cities to determine the title of their own officers without further review.

Judgment was rightly given for defendant, and should be affirmed.

MORSE and SHERWOOD, JJ., concurred.

CHAMPLIN, J. I concur in the result.