HENRY J. NAUMANN v. THE BOARD OF CITY CANVASSERS OF DETROIT, AND FRANK H. ADDISON
v. THE BOARD OF CITY CAN
VASSERS OF DETROIT.

[Two Cases.]

*Elections—Statute providing for recount of votes—City council.*

This case is ruled by *Weston v. Probate Judge*, 69 Mich. 600, where it was held that Act No. 293, Laws of 1887, does not apply in those cases where the city council, by whatever name it is called, is made the absolute judge of the election and right to office of its members.

*Mandamus.* Submitted January 8, 1889. Denied January 11, 1889.

Relators applied for *mandamus* to compel investigation by respondents of certain returns of the election of aldermen in the city of Detroit. The facts are stated in the opinion.

*Corliss, Andrus & Leete,* for relators.

CAMPBELL, J. These are applications for *mandamus* to compel the investigation by defendants of certain election returns of the city election in Detroit held in November, 1888. Each relator claims to have been elected an alderman, and to have been counted out improperly. Each applied for an investigation under Act No. 208, Laws of 1887, concerning the correction of frauds and mistakes in the canvass and returns made by inspectors of elections. It is claimed that respondents refused to grant the investigation asked. It is perhaps doubtful whether the sworn petitions presented to them were definite enough to require action, but this is not now material, because we do not think the statute applies.

It was held in *Weston v. Probate Judge,* 69 Mich. 600 (37 N. W. Rep. 698), that the statute does not apply in those cases where the city council, by whatever name it is called, is made the absolute judge of the election and right to office of its members. In that case this very question was presented, under circumstances precisely analogous to those existing here, and a *mandamus* was refused.

It has been very common in this State, for obvious reasons, to prevent delay and litigation, to vest in the legislative boards of municipal corporations the same power of determining the claims of persons to belong to them that is vested in Congress and the State Legis

lature.   It is always important to have as little delay and confusion as possible in the organization of such bodies, which directly represent the people, and are assumed to have as correct a sense of official duty as any other representative bodies.   Public policy does not favor needless disturbances in the tenure of office, and the practice referred to has commended itself generally, and is probably as little liable to error as any other popular administrative machinery.   The act of 1887 does not introduce any judicial machinery, but leaves the inquiries to be made by a committee of the board of canvassers, who are not permanent officers usually, and who cannot be supposed any better qualified than the responsible body of legislators.

The question of finality in the action of a common council in such cases against even judicial interference has been settled several times in this State.   In the case of *People v. Harshaw*, 60 Mich. 200 (26 N. W. Rep. 879), the subject was discussed and decided, and reference made to previous decisions; especially *People v. Mayor*, 41 Mich. 2 (2 N. W. Rep. 179); *Cooley v. Ashley*, 43 Id. 458 (5 N. W. Rep. 659); *Alter v. Simpson*, 46 Id. 138 (8 N. W. Rep. 724); *Doran v. De Long*, 48 Id. 552 (12 N. W. Rep. 848).   The question is not an open one here.

On the same day on which the general statute of 1887, before referred to, was approved, an amendment was approved to the Detroit charter, which continued the old policy of action by the council.   This amendment declares that—

"The board of aldermen shall be the judges of the election and qualifications of its own members, and shall have the power to determine contested elections to said board."

It is evident that there was no purpose in the general law of changing the principles of the municipal charters,

or of the general incorporation law, making city legislatures the final arbiters. It was undoubtedly important to create a simple and speedy method of correcting mistakes without recourse to litigation, but there was no great need of it where a popular body already had the necessary powers, and needed no intervention of judicial proceedings. We are satisfied with what was said in the case of *Weston v. Probate Judge,* and do not think it necessary to discuss the obvious purpose and policy of the municipal legislation there referred to.

In the present case the facts illustrate still more plainly the uselessness of the remedy sought here. Before the applications were made to us the new board of aldermen had gone into existence, and, if there is any foundation for the complaints made here, the contest might and should have been brought before that body for disposal. Its powers exceed those which any committee of inspectors could possess. Its decision ends the controversy, whereas, under the election law, the action of the committee does not preclude further litigation, and has no finality which will necessarily prevent further discussion. The statute probably did not mean that it should do so.

We think the relators are not entitled to relief.

The other Justices concurred.