# CHARLESTON.

## RIGGS *v.* CARROLL *et als.*

Submitted June 9, 1909.   Decided December 14, 1909.

1. MUNICIPAL CORPORATIONS—*Common Council—Right of Recorder to Vote.*

    Section 4, chapter 147, Acts of the Legislature 1901, said chapter being the charter of the City of St. Marys, providing that "The municipal authorities of said city shall consist of a mayor, recorder, and six councilmen, two of which councilmen shall be elected in and for each of the wards of said city, who together shall form the common council," etc., properly construed with reference to the general law and its other pertinent provisions, gives right to the recorder to vote, including the right to vote when the council is sitting, pursuant to section 13 of said act, to decide an election contest. (p. 500).

Petition of A. C. Riggs for writ of prohibition to Charles Carroll, recorder, and others.

*Demurrer sustained and writ refused.*

*Ross Wells, Wm. Beard,* and *F. H. McGregor,* for petitioner.

*G. D. Smith,* for respondent Charles Carroll.

MILLER, PRESIDENT:

In prohibition defendants have rested on their demurrer to the petition. The rule awarded, pursuant to the prayer of the petition, summoned Carroll, recorder of the City of St. Marys, and R. H. Triplett, mayor, and Adolph Elliott, and five others, members of the common council, to show cause why a writ of prohibition should not be awarded prohibiting said Carroll, recorded, from further participation, and the said mayor and council from permitting him to further participate, in the deliberations of said council as a member thereof, upon the further hearing of the election contest, instituted by said Elliott against Riggs, the petitioner, and from further voting, or attempting to vote, or recording his vote, upon any matter arising upon the further hearing of said contest before said council, or upon any matter in connection with the election of a councilman for the first ward of said city.

The controlling question presented for decision is, has Carroll, recorder, the right to vote as a member of the council in an election contest? Petitioner denies this right, and denies that any such right is given him by the charter of said city. Chapter 147, Acts of 1901, is entitled, "An act to amend and re-enact and to reduce into one act the several acts incorporating the town of St. Marys, in the County of Pleasants, and State of West Virginia, defining the powers thereof, and describing the limits of said town and incorporating the City of St. Marys in said Pleasants County." This charter act contains the following pertinent provisions: Section 4. "The municipal authorities of said city shall consist of a mayor, recorder and six councilmen, two of which councilmen shall be elected in and for each of the wards of said city, who together shall form the common council," etc. Section 5. "All the corporate powers of said corporation shall be exercised by said council or under their authority, except when otherwise herein provided." Section 6. "The mayor, assessor and councilmen, at the time of their election or appointment, shall be freeholders in said city and be entitled to vote for the members of the common council thereof." Section 8. "On the first Tuesday after the first Monday in April of each succeeding year, there shall be elected by the qualified voters of said city

a mayor and recorder, who shall hold their respective offices for a period of one year and until their successors are elected and qualified, and at the same time there shall be elected in each ward one member of the common council, who shall hold his office for two years and until his successor is elected and qualified." Section 18. "The mayor and council and all other officers provided for in this act, shall each, before entering upon the duties of their office and within one week from the date of their election or appointment, give the bond required from any officer by section fifteen of this act," etc. Section 21 imposes upon the recorder the duty to keep the journal of the proceedings of the council, and have charge of and preserve the records of the city, and in the absence from the city, or in the case of sickness or inability of the mayor, or during any vacancy in the office of mayor, to perform the duties of mayor which pertain to him as the chief executive of said city, and provides that he shall be vested with all the powers necessary for the performance of said duty. Section 23 provides that he "shall perform all such other duties as may by ordinance of the council be prescribed." Section 39 repeals all acts or parts of acts, inconsistent with said act, but provides that "this act shall not be construed to repeal, change or modify any previous act not inconsistent with this act, authorizing the town of St. Marys to contract debts or to borrow money, or to take away any of the powers conferred upon said town of St. Marys, or upon the mayor or council, or any of the officers, conferred by general law, except so far as the same are inconsistent with the powers hereby conferred." And further provides that said city "shall be held in all things to be the legal successor to the town of St. Marys," etc. And section 13, especially applicable here, provides that: "All contested elections shall be heard and decided by the common council for the time being; and the contest shall be made and conducted in the same manner as provided for in contests for county and district officers, and the common council shall conduct their proceedings in such cases as nearly as practicable in conformity with proceedings of the county court in such cases."

The proposition of petitioner's counsel is that, although by section 4 the recorder is included among those "who together shall form the common council," and although section

13 provides that "all contested elections shall be heard and decided by the common council," nevertheless, the recorder is given no right to vote, express or implied; that though he be a member of the council, his power and authority, except when, in the absence, sickness or inability of the mayor, or during any vacancy in the office of the mayor, he is, under section 21, performing the duties of the mayor, are limited to the specific duties imposed upon him by said section of keeping a journal of the proceedings, and by section 23, and the performance of all other duties that may by ordinance of the council be prescribed. But why do counsel say this? Their main argument is that no specific right to vote is given by the charter. But what of this? There is no specific provision giving to the members of the council elected from the several wards right to vote. Another argument is based on analogy to provisions of chapter 47 of the Code. Section 27 of that chapter provides that: "The mayor and recorder shall have votes as members of the council, and in case of a tie, the presiding officer for the time being shall have the casting vote." And it is contended that because the language of section 4 of the charter, prescribing who shall form the common council, is the same as section 13 of the general law, and as section 25 of the charter law does not, as does section 27 of the general law, specifically provide that both the mayor and recorder shall have votes as members of the council, but provides only that "the mayor shall have a vote on all questions, and shall decide all ties," the maxim *"inclusio unius est exclusio alterius"* applies, and consequently that the legislature did not intend that the recorder should have a vote as a member of council. We do not think this maxim applies, for membership in the council without power specifically given necessarily implies the right to vote; else why a member at all? If section 27 of the general law did not provide that the mayor and recorder should have votes as members, being by section 13 constituted members, how can it be said that without special provision either would have no right to vote? Membership necessarily implies authority to exercise the right of membership, including the right to vote, and we would have to say, if section 27 was not in the general law, that the mayor and recorder, being members, would have the right to vote. There is more

reason why there should be special provision for the mayor
than for the recorder, for by the general law, as well as by the
charter of the city of St Marys, he is made the presiding
officer, and according to general parliamentary practices a pre-
siding officer does not vote, except in the case of a tie; 
and in some states, as in Montana for example, the general
law relating to municipal corporations specifically provides
that, in case of a tie in any voting or proceeding in the city
council, the mayor shall have the casting vote, but not otherwise.
Laws of Mont., 3rd Sess., 1893, section 367.   By the statute
of Montana the mayor and board of aldermen together consti-
tute the city council, but, because of the special provision re-
lating to the right of the mayor to vote, it was held that his
right was limited to the case of a tie.   *State* v. *Yates,* 19 Mont.
239, 47 Pac. 1004, 37 L. R. A. 205.   But where not so limit-
ed, this right of the mayor to vote, as a concomitant to member-
ship, has never, so far as we have been able to find, been ques-
tioned.   And in Michigan, where a similar provision of the
charter of the city of Alpena was involved, the mayor was held
to be a member of the council, while sitting, as provided by
the charter, to judge of the election and qualification of one of
its own members.   *People* v. *Harshaw,* 60 Mich. 200; 1 Smith
on Mun. Corp., section 290; 28 Cyc. 320.   In the Michigan
case, the court says: "City charters here, as in England, do
not always agree in the constituents of this body.   In some
cases there is a separate council which is only one of the parts
of the city legislature, and requiring the approval of another
board, or of the mayor, acting separately, as the governor does,
to complete their action.   But most of our cities in their earlier
stages, if not permanently, have had a council where the mayor
sits in person, and over whose action he has no veto.   And in
all such corporations he has been deemed a member as clearly
as the alderman; and, so far as any such provision as this is
concerned, there appears to be no reason for a distinction".
We are cited to *Mills* v. *Gleason,* 11 Wis. 470 (78 Am. Dec.
721).   In this case the charter provided that the common
council should consist of the mayor and aldermen, etc.; that a
vote to levy a tax should be passed by two thirds of the "mem-
bers elect."   The tax there involved was levied by a two thirds
vote of the aldermen, but not of the council including the

mayor. The Wisconsin court construed the statute as relating to aldermen only; they being elected as members of the council, and as nothing else. That court thought that the mayor, though a constituent part of the council, was so as the Vice President is a part of the United States Senate, or the Lieutenant Governor, a part of the Senate of the state, and that it was not intended that he should be counted in determining the two thirds vote. This was the exact point and really the only point decided. That decision construed a statute of Wisconsin. Though respectable authority, but not directly in point, shall we follow it? We do not think so. The general policy of our law is, and has been, not only to make the recorder a member of the council, but to give him the right to vote. Such is the specific provision of the general law; and, finding nothing denying the right, we think we should give the charter provision a construction such as will harmonize it with the general law. But if the charter otherwise left us in doubt, this section 39, we think, removes all doubt; for, as we have seen, that section says the act is not to be construed "to take away any of the powers conferred upon said town of St. Marys, or upon the mayor or council, *or any of the officers,* conferred by general law, except so far as the same are inconsistent with the powers hereby conferred." It is conceded that the specific right to vote is given the recorder by section 27 of the general law, but it is said we are not permitted by the rule laid down in *State* v. *Harden,* 62 W. Va. 313, to look to that law for this authority; that the present charter is the sole repository of all authority of the council and of every member of that body. Let us admit that it is, is the provision of section 39 to be given no effect, and is the recorder, who besides being a member of the council, is an officer, to be deprived of a power conferred upon him by this section? Certainly not, unless the right conferred by the general law be inconsistent with the powers conferred by the charter. Can it be said there is any inconsistency? How can it be so? The right to vote given by the general law is perfectly consistent with membership provided by the charter, and nothing in the charter abrogates this right.

Another argument is that because section 6 of the charter requires that the mayor and councilmen at the time of their

election or appointment shall be free-holders, and does not require a like qualification of the recorder, this implies that it was not intended by the Legislature that the recorder should be a member with right to vote. If we construe this section, as it probably should be, as not including the recorder in the term "councilman," we see little force in the argument. Why may it not be said that by not including him the Legislature intended there should be one member not of the free holding class? Having made him a member of council, and not having prescribed for him the freehold qualification, we have the right to say the Legislature intended that he might not be of that class, though not disqualified on that account.

The conclusion reached renders it unnecessary to consider collateral questions presented. Our judgment will be that the demurrer be sustained, the rule discharged, and that the defendants recover of the petitioner their costs in this Court expended.

*Demurrer sustained and writ refused.*