HOUSTON v. McKINLAY.

1. Quo Warranto—Jurisdiction—City Council to Judge Its Own Members.

Determination by circuit court that it did not have jurisdiction to issue a writ of quo warranto where the city official whose right to office sought to be tested thereby holds said office under a city charter, a provision of which makes that council the judge of the eligibility and qualifications of its members, *held,* proper, although the revised judicature act and the court rules allow a private party to bring an action of quo warranto in circuit court after a refusal to act by the attorney general (CLS 1961, § 600.4501; GCR 1963, 715.1[2]).

2. Same—Revised Judicature Act—Mandamus Procedure Avoided.

Provision of revised judicature act which permits a private party to bring an action of quo warranto in circuit court allows the private party to ask leave of the court to bring the quo warranto himself instead of requiring him to go through the procedure of mandamusing the attorney general to bring the quo warranto (CLS 1961, § 600.4501).

3. Same—Way to Try Titles to Office.

The only way to try titles to office finally and conclusively is by quo warranto.

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 44 Am Jur, Quo Warranto § 30; 37 Am Jur, Municipal Corporations § 48.
[2] 44 Am Jur, Quo Warranto § 76.
[3] 42 Am Jur, Public Officers § 143.
[5] 44 Am Jur, Quo Warranto § 122.

4. ELECTIONS—CONSTITUTIONAL LAW—STATUTES—MEMBERS OF LEG-
   ISLATIVE BODIES.
      A legislative body which is the sole judge of the election and
      qualifications of its own members has final decision thereon,
      where constitutional or statutory provisions so empower it,
      and courts cannot interfere (Sylvan Lake City Charter, § 6.5
      [1947]).

5. COSTS—PUBLIC QUESTION—QUO WARRANTO—CITY COUNCILMAN.
      No costs are allowed in quo warranto proceeding to test the right
      of defendant to hold office of city councilman, a public question
      being involved (Sylvan Lake City Charter, § 6.5[1947]).

Appeal from Oakland; Dondero (Stanton G.), J.
Submitted Division 2 June 1, 1966, at Lansing.
(Docket No. 683.)   Decided July 26, 1966.

Complaint by John C. Houston, Raymond E.
Heyse, Donald Johnson, William J. Sanderson and
Howard E. Wideman for leave to bring an action of
quo warranto to test defendant John D. McKinlay's
qualifications to hold the office of Sylvan Lake city
councilman. Complaint dismissed. Plaintiff appeals.
Affirmed. See 9 Mich App 4.

*Reese & Parenti* (*Robert V. Parenti,* of counsel),
for plaintiffs.

*Joseph T. Brennan,* for defendant.

LESINSKI, C. J.   Plaintiffs appeal from a dismis-
sal of their complaint and application for leave to
bring action of quo warranto, which had requested
the Oakland county circuit court to inquire into de-
fendant McKinlay's qualifications to hold the office
of city councilman of the city of Sylvan Lake, and
if he were not shown to have possessed the necessary
residence requirements, that he be removed from
office.   The dismissal was grounded on the circuit

court's determination at the hearing that it did not have jurisdiction to grant the relief sought.

Defendant McKinlay was elected to the office of councilman of the city of Sylvan Lake on November 3, 1964, for a three-year term. Appellants, as citizens of Sylvan Lake, allege that McKinlay did not fulfill the two-year residency requirement required by the city charter. City of Sylvan Lake, Charter, § 5.3 (1947). The minutes of the organizational meeting of November 12, 1964, which followed the election, show that the report of the board of canvassers was read, and that McKinlay was "declared elected" to the office here in dispute, as it appeared from said report that McKinlay had received sufficient votes. The record discloses no motion regarding his qualifications, nor was there either resolution or vote installing the defendant as councilman. McKinlay was given the required oath of office and entered upon, and is performing the duties of his office.

On December 7, 1964, a special meeting called under the applicable charter provision by two of the councilmen was held to discuss an opinion of the city attorney regarding the eligibility of a councilman. No action was taken at this meeting[1] or subsequently in regard to the defendant's residence qualifications.

The city charter of Sylvan Lake states that "the council shall be the judge of the eligibility and qualification of its own members." City of Sylvan Lake, Charter, § 6.5 (1947).

The threshold question before this Court thus requires a determination of the jurisdiction of the circuit court to issue a writ of quo warranto where the city official whose right to office sought to be

---

[1] According to the minutes of the city council, this meeting was adjourned on the basis of a portion of the city attorney's opinion to the effect that the question of Mr. McKinlay's qualifications was "not a proper matter of business for the present city council."

tested thereby holds said office under a city charter, a provision of which makes that council the judge of the eligibility and qualifications of its members.

Although the revised judicature act[2] and the court rules[3] allow a private party to bring an action of quo warranto in circuit court after a refusal to act by the attorney general, this is not conclusive of the question. The next determination to be made is whether the circumstances in the case at bar present a proper case for this relief. We hold they do not.

In the instant case, the city charter gives the power to determine these qualifications to the council. In such a situation, quo warranto will not issue. *People, ex rel. Dafoe,* v. *Harshaw* (1886), 60 Mich 200 (1 Am St Rep 498). In *Sempliner* v. *Fitzgerald* (1942), 300 Mich 537, 544, 545, the Court quoted with approval from *Frey* v. *Michie* (1888), 68 Mich 323, 327: "The only way to try titles to office finally and conclusively is by quo warranto." However, the *Sempliner Case* involved the title of a circuit court commissioner, not a city councilman in a situation where the council is given the authority to make this determination. The *Sempliner* Court referred to *Gildemeister* v. *Lindsay* (1920) 212 Mich 299, 303, wherein there are citations involving cases where quo warranto was deemed the proper remedy.

---

[2] "If the attorney general receives information from a private party and refuses to act, that private party may bring the action upon leave of court." Revised judicature act, PA 1961, No 236, CLS 1961, § 600.4501 (Stat Ann 1962 Rev § 27A.4501).

The committee comment thereunder states that this provision allows "the private party to ask leave of the court to bring the quo warranto himself instead of requiring him to go through the procedure of mandamusing the attorney general to bring the quo warranto."

See, also, *St. Joseph Township* v. *City of St. Joseph* (1964), 373 Mich 1.

[3] "All other actions for quo warranto shall be brought in the circuit courts." GCR 1963, 715.1(2).

None of these decisions is controlling in the circumstances of the instant case. It is settled law in Michigan that where constitutional or statutory provisions give a legislative body the authority to make this decision, its determination is conclusive. *McLeod* v. *State Board of Canvassers* (1942) 304 Mich 120.

It is the determination of this Court that quo warranto will not lie to correct the alleged irregularity of which appellants complain. Judgment of trial court affirmed. No costs, public question.

T. G. KAVANAGH and McGREGOR, JJ., concurred.