### CROSSMAN v. HANSON.

1. MANDAMUS—DISCRETIONARY WRIT—PLAIN DUTY—CLEAR LEGAL RIGHT.

Mandamus is a discretionary writ which does not issue unless there is a plain, positive duty to perform the asserted duty, and a clear legal right of the petitioner to the performance of that duty.

2. SAME—NONACTION BY CITY COUNCIL—COURT RULE.

The power of the court to issue a writ of mandamus accorded by court rule in a case where the city council has refused to pass upon the qualifications of one of its members cannot be interpreted as applicable to the instant case for the reason that the council, by refusing to take affirmative action has, by this very refusal, acted (GCR 1963, 714.1[2]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 34 Am Jur, Mandamus § 32.
[2-5] 37 Am Jur, Municipal Corporations § 48.
[6] 35 Am Jur, Mandamus § 393.

3. MUNICIPAL CORPORATIONS—REHEARING—CITY COUNCIL—ELIGIBIL-
ITY—COURTS—RECALL.

    The charter of a municipal corporation which makes the council
the judge of the election and qualification of its members,
makes such decision final and there is no judicial review
thereof, but there may be a rehearing by the council and there
also remains a safeguard against the disregard of the people's
right to action in conformity with the city charter by way of
provision for removal of officials by recall (Sylvan Lake City
Charter, § 12.17).

4. SAME—ELIGIBILITY OF MEMBERS OF CITY COUNCIL.

    The power to pass finally upon the eligibility and qualifications
of its members is commonly given in this State to the legis-
lative boards of municipal corporations to prevent delay, lit-
igation, and confusion in the organization of such boards,
which directly represent the people, and are assumed to have
as correct a sense of official duty as any other representative
bodies.

5. SAME—RECALL—COURTS.

    Final determination of the eligibility and qualifications of its
elected representative is a right provided in the recall pro-
visions of city charter and the judiciary is compelled to re-
spect the authority so reposed in the legislative arm of gov-
ernment reserved to the people and may not substitute its
judgment for that of the city council or the people in the
absence of a violation of a State statute or the Constitution
(Sylvan Lake City Charter, § 12.17).

6. COSTS — PUBLIC QUESTION — CITY COUNCILMEN — QUALIFICATIONS
FOR OFFICE.

    No costs are allowed in mandamus proceeding to compel city
councilmen to judge the qualifications for office of a council-
man, a public question being involved.

Appeal from Oakland; Dondero (Stanton G.), J.
Submitted Division 2 June 1, 1966, at Lansing.
(Docket No. 1,325.) Decided July 26, 1966.

Complaint by Fred Crossman for writ of man-
damus to compel defendant Sylvan Lake City Coun-
cilmen John Hanson, Donald E. Tews, Thomas J.
McHugh and E. V. Geizer to judge the qualifications
for office of councilman John D. McKinlay, inter-

vening defendant. Complaint dismissed. Plaintiff appeals. Affirmed. See 9 Mich App 4.

*Hempstead, Houston, McGrath & Cook (John Houston, of counsel), for plaintiff.*

*Joseph T. Brennan,* for intervening defendant John D. McKinlay.

*Reese & Parenti (Robert V. Parenti, of counsel),* for defendants.

LESINSKI, C. J. In the case at bar, a companion case to *Houston* v. *McKinlay* (1966), 4 Mich App 94, Crossman, plaintiff below, appeals a summary judgment granted defendants, four councilmen of the city of Sylvan Lake. Appellant sought issuance of a writ of mandamus to compel the city council to judge the qualifications for office of the intervening defendant herein, councilman John D. McKinlay. The Oakland county circuit court refused the writ requested and dismissed the action for failure to state a claim upon which relief can be granted.

The facts are substantially the same as those set forth in *Houston* v. *McKinlay, supra.* Plaintiff, a disappointed contestant for the office of councilman, sought to force the council, through the use of a court order, to judge the qualifications of its members—specifically those of the intervening defendant, McKinlay. In essence, it is Crossman's contention that a three-member majority (which includes McKinlay) of the five-man council has prevented and continues to prevent all attempts to bring this matter before the council; that it is the legal duty of the council to judge the eligibility and qualifications of its members under the terms of the city

charter;[1] and that under GCR 1963, 714.1(2),[2] the circuit court has jurisdiction to issue a writ of mandamus.

This Court, therefore, must determine if mandamus lies to direct the city council of the city of Sylvan Lake to consider the eligibility and qualifications of an allegedly nonqualified councilman where the city charter provides that "the council shall be the judge of the eligibility and qualification of its own members" where this matter has not been formally acted upon by the said city council.

As we stated in *Pillon* v. *Attorney General* (1956), 345 Mich 536, 539:

"Unless a clear legal duty has been imposed by law on the defendants, or some one or more of them, plaintiff's petition for mandamus should be denied. It is a discretionary writ which does not issue unless there is a plain, positive duty to perform the asserted duty, and a clear legal right of the petitioner to the performance of that duty." (Citations omitted.)

It is the appellant's contention that there is a legal duty on the part of the city council to determine the eligibility and qualifications of its members. In view of the plain words of the city charter indicating who shall have the right to pass upon the eligibility and qualifications of the members of the city council, and our interpretation of that provision in *Houston* v. *McKinlay, supra,* which precluded the issuance of a writ of quo warranto, it is clear that such right has been given the city council by law. It does not follow from the fact that such right is given the council

[1] "The council shall be the judge of the eligibility and qualification of its own members." City of Sylvan Lake Charter, § 6.5 (1947).

[2] "Circuit courts have jurisdiction in all mandamus proceedings involving the action or nonaction of any officer or board of any county, township, city, village, or school district, or of the common council of any city or village."

that this Court should direct the circuit court to issue the writ granting the relief requested under the facts presented in the case at bar.

The power of the court to issue a writ of mandamus under GCR 1963, 714.1(2), in a case of non-action of the city council cannot be interpreted as applicable to the instant case for the reason that the council, by refusing to take affirmative action on the eligibility and qualifications of McKinlay has, by this very refusal, acted. It is well settled that a duty can be performed by a determination to take no action and that such a determination is not subject to review. In *People, ex rel. Cooley, v. Fitzgerald* (1879), 41 Mich 2, relator sought a writ of mandamus to compel his "reinstatement in the office of alderman from which he had been excluded by action of the common council declaring his opponent elected, and as he claimed *without a proper hearing on the merits.*" (Emphasis supplied.) The Court refused mandamus saying "although the course taken, if the papers are true, was very censurable, we cannot review it." *People, ex rel. Cooley,* v. *Fitzgerald, supra.*

Although we are compelled to deny the appellant the relief of mandamus, this denial should not be read to infer that remedy is not available to appellant in circumstances such as those presented to this Court. Here, the city council's determination not to take formal action was based on erroneous legal advice. The council, by failing to take formal action on the question of Mr. McKinlay's eligibility and qualifications, is the one which has the authority to judge his right to hold office under the city charter and is empowered presently to take formal action on this matter, on its own motion. We refer the council to the early case of *Doran* v. *DeLong* (1882) 48 Mich 552, 554, where the Court said "It may be that within a reasonable time that council [the one which ad-

mitted relator] might for sufficient cause have granted a rehearing—as was done in the Port Huron case. *People, ex rel. Cooley,* v. *Fitzgerald,* 41 Mich 2; *Cooley* v. *Ashley,* 43 Mich 458."

Should the above remedy be inadequate to give appellant the relief desired because the council refuses formal action, we remind appellant that the people have provided a safeguard against callous disregard of its right to action in conformity with the city charter by way of provision for removal of officials by recall.

"Any elective official may be removed from office by the electors of the city in the manner provided by the general laws of the state." City of Sylvan Lake, Charter, § 12.17 (1947).

The electorate of Sylvan Lake vested the power to determine the eligibility and qualifications of its own members to the council when it adopted its city charter. The rationale upon which the vesting of such power in the council is based was set forth in *Naumann* v. *Board of City Canvassers* (1889), 73 Mich 252, 253, 254:

"It has been very common in this State, for obvious reasons, to prevent delay and litigation, to vest in the legislative boards of municipal corporations the same power of determining the claims of persons to belong to them that is vested in congress and the State legislature. It is always important to have as little delay and confusion as possible in the organization of such bodies, which directly represent the people, and are assumed to have as correct a sense of official duty as any other representative bodies."

The electorate has retained the right of final determination of the eligibility and qualifications of its representatives in the recall provisions of the city charter. The judiciary is compelled to respect

the authority reposed in the legislative arm of government and that which is reserved to the people and may not substitute its judgment for that of the city council or the people in the absence of a violation of State statute or the Constitution. The trial court properly refused to issue the writ of mandamus.

Decision affirmed. No costs, a public question.

T. G. Kavanagh and McGregor, JJ., concurred.