### McKINLAY v. CROSSMAN.

1. MUNICIPAL CORPORATIONS—CITY COUNCIL—QUALIFICATIONS OF MEMBERS.

   Neither a writ of *quo warranto* nor a writ of mandamus will lie to correct an alleged disqualification of a city councilman where city charter provision makes the city council the judge of the eligibility and qualifications of its members (CLS 1961, § 600.4501; City of Sylvan Lake Charter [1947], § 6.5).

2. APPEAL AND ERROR—REHEARING.

   Any party has 20 days after a decision by the Court of Appeals to file a motion for rehearing (GCR 1963, 819.4).

3. MUNICIPAL CORPORATIONS—CITY COUNCIL—QUALIFICATIONS OF MEMBERS.

   A change in membership of city council by reason of staggered elections does not affect the right of the council, accorded by the city charter, to determine the eligibility and qualifications of its members, even though a former opponent of plaintiff, seeking injunction against council in declaring his seat vacant, subsequently became a member and introduced motion that resulted in declaration of vacancy because of plaintiff's disqualification (City of Sylvan Lake Charter [1947], § 6.5).

Appeal from Oakland; Adams (Clark J.), J. Submitted Division 2 June 6, 1967, at Lansing. (Docket No. 2,697.) Decided December 5, 1967.

Action by John D. McKinlay against Fred Crossman, John Hanson, Thomas J. McHugh and Stanley

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 37 Am Jur, Municipal Corporations § 254.
[2] 5 Am Jur 2d, Appeal and Error § 981.

Filkins, and the City of Sylvan Lake, seeking a permanent injunction to restrain defendants from interfering with continued exercise by McKinlay of duties of councilman and to restrain them from any attempt to replace him through an election.  Summary judgment for defendants.  Plaintiff appeals.  Affirmed.

*Joseph T. Brennan,* for plaintiff.

*Reese & Parenti,* for defendants.

LESINSKI, C. J.  Plaintiff appeals from a summary judgment below granted to defendants.

This case, and the controversy involved, is a familiar one to this Court.  The fact situation is reported in *Houston v. McKinlay* (1966), 4 Mich App 94, and *Crossman v. Hanson* (1966), 4 Mich App 98.  In the former case we determined that where a city charter provision makes the city council the judge of the eligibility and qualifications of its members,[1] that a writ of *quo warranto*[2] will not lie to correct an alleged disqualification of a city councilman.  In the latter case, it was the holding of this Court that mandamus does not lie to direct the city council to determine the eligibility and qualifications of its members.  In *Crossman, supra,* at 102, we noted that the city council's determination not to take formal action was based on erroneous legal advice, and that the council is the legal entity which is empowered to act under the city charter.

Our decisions of July 26, 1966 in the above cases prompted immediate action.  On August 9, 1966, a special council meeting was held.  The minutes reveal full attendance.  A vote was taken on motion of Councilman Crossman, supported by Councilman

---

[1] See City of Sylvan Lake Charter (1947), § 6.5.
[2] See CLS 1961, § 600.4501 (Stat Ann 1952 Rev § 27A.4501).

Filkins, that the council judge that Mr. McKinlay, plaintiff herein, did not have the necessary qualifications for office, is not eligible to be a member of the council, and that the seat be declared vacant. Three of the five gentlemen voted for the motion; two abstained. Parenthetically we note that one of those two was Mr. McKinlay himself. The motion carried.

On August 25, 1966, plaintiff instituted a new action in circuit court, seeking a permanent injunction to restrain the defendants from interfering with his continued exercise of the duties of councilman and to restrain them from any attempt to replace him through an election called for that purpose. Plaintiff's complaint also sought the issuance of an order to show cause, which was granted. In answer thereto, the defendants filed a motion for summary judgment. On September 7, 1966, the trial court heard oral argument on both the show cause and the motion for summary judgment and granted the latter. The court's ruling is a part of the record on appeal. In deciding that the defendants were entitled to a summary judgment, the court found that the council's actions were "literally directed" by this Court; that the time had come for an end to this litigation; and that the council's action was both prompt and proper under the circumstances of the instant case.

Plaintiff's current contention is that the council's August action and the subsequent judicial approval given to it below should not be condoned by this Court. Since we did suggest the possibility of such action, it would be incongruous to expect us to reverse a judgment which condoned it below. However, plaintiff alleges that the language of *Crossman, supra,* relied on below, was mere dictum. We agree. However, it was not incorporated therein out of a desire for profundity, but rather to indicate that although the judiciary was without power to

grant relief under the facts presented, there were other available avenues to those who felt aggrieved. One such route was followed.

Plaintiff asserts that this language would not have appeared in *Crossman* if we had been fully apprised of all the facts. By this claim plaintiff means that we were not apprised of the fact that two of the present members of the city council were not serving in that capacity when this cause of action arose. There are numerous answers to this contention. First, since the city charter was a part of the original records in these proceedings, we were aware that the charter provided for staggered elections. Second, the change in council membership does not affect the right of the council to determine the qualifications of its members. Third, the plaintiff here did not seek a rehearing after our decision in July, 1966, to apprise us of any additional facts, or to seek to correct our determination that the council had the power to judge the qualifications of its members, although it was his privilege to do so under GCR 1963, 819.4.[3] This court rule gives any party 20 days in which to file such a motion. The city council took the action complained of 14 days after our decision was announced. If the plaintiff believed he had a valid reason for rehearing, he still had the opportunity to place this material before us in timely fashion.

Finally, the council in the instant case acted with promptness under the particular fact situation presented.

Prolongation of this opinion would be as fruitless as prolongation of the litigation of the instant case.

Affirmed. Costs to appellees.

Quinn and Baum, JJ., concurred.

---

[3] See 373 Mich lxviii.