THORNE *v.* NICHOLSON

1. MANDAMUS—LEGAL RIGHT—LEGAL DUTY.

> Mandamus will issue only if the plaintiff can show he has a
> clear legal or contractual right to performance of a specific
> duty by the defendant and the defendant has a clear, un-
> controverted duty to act immediately in the manner requested.

2. MANDAMUS—PROMOTIONS—POLICE OFFICERS—VACANCIES—LEGAL
DUTY.

> Denying mandamus to compel Director of Public Safety and
> Chief of Police to promote the plaintiff to the rank of police
> captain was proper even though the plaintiff qualified by test-
> ing at a time when no vacancy existed as the leading candidate
> for the position, where the position, when a vacancy occurred,
> was eliminated for fiscal and public interest considerations,
> because the elimination of the position was in the discretion
> of the city government and because the city had no duty to
> fill the vacancy as opposed to eliminating it.

Appeal from Wayne, George T. Martin, J. Sub-
mitted Division 1 December 15, 1970, at Detroit.
(Docket No. 8717.) Decided March 31, 1971.

Complaint by Robert E. Thorne against the
Director of Public Safety and the Chief of Police
of the City of Livonia for mandamus. Writ denied.
Plaintiff appeals. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 52 Am Jur 2d, Mandamus §§ 63, 64.
[2] 52 Am Jur 2d, Mandamus §§ 160, 168, 275.

*Daniel A. Burress,* for plaintiff.

*Harry C. Tatigian,* City Attorney, and *Robert M. Feinberg,* Assistant City Attorney, for defendant.

Before: V. J. Brennan, P. J., and J. H. Gillis and Jeannette,* JJ.

Per Curiam.  Plaintiff, a lieutenant on the Livonia police force, sought a writ of mandamus to compel defendants to appoint him to the position of captain in the police department.  An order to show cause was issued by the Wayne County Circuit Court and a hearing was held.  After all testimony was taken, the circuit court took the matter under advisement.  A written opinion was issued on December 8, 1969, denying plaintiff's petition for a writ of mandamus.  Plaintiff appeals this denial.

Plaintiff established himself through the testing procedures of the Livonia Civil Service Commission as the leading candidate for the position of captain in the Livonia Police Department.  This was accomplished at a time when no vacancy existed.  When one of the three captains was promoted to the position of chief of police, plaintiff expected to be promoted to fill the vacancy.  The combination of a policy decision to restructure the command of the police department and a reduction in the budget allocation eliminated the vacant captaincy position.  The record below discloses no irregularity in the procedure followed and no act of bad faith directed toward plaintiff.

The traditional rule of law has been that a writ of mandamus will not issue unless plaintiff can show he has a clear legal or contractual right to performance of a specific duty by defendant, and that, in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

turn, defendant has an uncontroverted clear duty to act immediately in the manner requested. *Crossman* v. *Hanson* (1966), 4 Mich App 98; *Mardiros* v. *Secretary of State* (1968), 11 Mich App 541; *Iron County Board of Supervisors* v. *City of Crystal Falls* (1970), 23 Mich App 319. Plaintiff is bound by a high degree of proof to establish his right that the writ of mandamus should issue. The record below shows that the city officials acted clearly within the scope of their power. The elimination of one captaincy position was motivated by fiscal allocations and public interest. This determination was well within the discretionary power of the city government officials. *Fricke* v. *City of Grand Rapids* (1936), 278 Mich 323; *Cicotte* v. *Damron* (1956), 345 Mich 528.

Plaintiff cites *Savage* v. *City of Detroit* (1916), 190 Mich 144, as controlling. However, unlike *Savage,* plaintiff here was not bypassed for someone less qualified. Rather, the position which plaintiff sought was eliminated. The elimination of the captaincy position must be seen not as an intent to fill the position, but instead an intent to abolish the vacancy altogether.

Plaintiff failed both to establish the legal right to the captaincy position and the legal duty of defendant to fill that vacancy as opposed to eliminating it. The trial court properly denied plaintiff's petition for writ of mandamus.

Affirmed. No costs, this being a public question.