# Court of Appeals, State of Michigan

# ORDER

Connor Berdy v Sonya Buffa

Docket No. 349171

LC No. 2019-001802-AW

Jonathan Tukel
Presiding Judge

Mark J. Cavanagh

Elizabeth L. Gleicher
Judges

The Court orders that the June 6, 2019 majority and dissenting opinions issued in this matter are hereby AMENDED to correct a clerical error: In the caption of the opinions, the name of defendant-appellant is corrected to read "SONYA BUFFA."

In all other respects, the June 6, 2019 majority and dissenting opinions remain unchanged.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

JUN - 7 2019

Date

Chief Clerk

*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CONNOR BERDY,

      Plaintiff-Appellee,

v

SONYA BURDA, in her capacity as Elected City Clerk, and WARREN CITY ELECTION COMMISSION,

      Defendants-Appellants.

and

FRED MILLER, Macomb County Clerk,

      Defendant.

FOR PUBLICATION
June 6, 2019
9:00 a.m.

No. 349171
Macomb Circuit Court
LC No. 2019-001802-AW

Before: TUKEL, P.J., and CAVANAGH and GLEICHER, JJ.

GLEICHER, J.

Defendants-appellants, the Warren City Clerk and Warren City Election Commission, appeal as of right from the circuit court's opinion and order granting plaintiff's complaint for mandamus and ordering defendants to strike the names of four candidates for Warren City Council from the list of candidates for the upcoming primary election. We reverse.

I

Plaintiff, a candidate for Warren City Council, sued defendants seeking to bar four other candidates from appearing on the primary ballot for city council, arguing that those candidates[1]

---

[1] Those candidates were incumbent city council members Cecil St. Pierre, Scott Stevens, Steve Warner, and Robert Boccomino.

-1-

were term-limited under §§ 4.3(d) and 4.4(d) of the Warren City Charter. Plaintiff's argument relied upon an interpretation of §§ 4.3(d) and 4.4(d) which was inconsistent with a 2014 opinion from the Warren City Attorney. In 2014, the city attorney concluded that separate term limits applied to city council members elected at-large versus those elected to represent a single district. The city attorney concluded that by approving those charter amendments, the voters created a "bicameral" legislature of two separate and distinct legislative groups: district city council members and at-large city council members. The city attorney noted that the two groups had different election rules and responsibilities, such as different residency requirements and separate campaigning and fundraising rules. Additionally, only an at-large city council member may serve as mayor pro tem. The city attorney noted that the language of § 4.4(d) referred to three terms or 12 years "*in that particular office.*" Since "at-large city council members and district city council members hold separate and distinct offices," he concluded that the charter permitted persons to exhaust their term limits in one type of city council office, then run for the other type of office.

The city attorney's opinion regarding the application of the term limits was upheld by a 2015 circuit court decision, *Olejniczak v Warren Elections Bd*, Macomb Circuit Court docket number 2015-001304-AW. In *Olejniczak*, the circuit court upheld the city attorney's interpretation of §§ 4.3 and 4.4 of the charter as "an arguably sound position" and expressed "severe reservations whether defendants can reject the City of Warren Attorney's opinion, let alone [had] a clear legal duty to do so." The plaintiff in *Olejniczak* sought leave to appeal the circuit court's decision, and this Court denied leave to appeal for lack of merit in the grounds presented. *Olejniczak v Warren Elections Comm*, unpublished order of the Court of Appeals, entered June 11, 2015 (Docket No. 327779).

As previously noted, plaintiff argued that the four candidates at issue were ineligible because they had each served at least three terms or a total of 12 years on the Warren City Council and so were barred from running again despite that none had exhausted the term limits for the offices they seek. In the instant case the trial court agreed with plaintiff, finding "that the term limits were not intended to be cumulative in the way defendants argue" and that "a plain reading of the charter shows that there is no differentiation between at-large councilmembers and district councilmembers in the term-limit definition." The trial court found that plaintiff was entitled to have the four candidates excluded from the primary ballot on the basis of the term limitations contained in §§ 4.3 and 4.4 of the city charter, that defendant Warren City Elections Commission had a clear statutory duty to strike the four candidates' names from the ballot, that doing so was a ministerial act, and that plaintiff had no other viable remedy at law.

Defendants appealed to this Court, arguing that the trial court erred by simply ignoring the prior circuit court decision from 2015, that the trial court erroneously found a clear legal duty based upon a contested interpretation of the Warren City Charter, and that it erred by exercising jurisdiction to determine the candidate's eligibility under §§ 4.3 and 4.4 of the charter. Defendants moved to expedite their appeal and for immediate consideration, which we granted. *Berdy v Buffa*, unpublished order of the Court of Appeals, entered June 5, 2019 (Docket No. 349171). We now reverse the trial court's grant of mandamus relief.

## II

A writ of mandamus is an extraordinary remedy which may be granted only where the plaintiff shows "(1) the plaintiff has a clear, legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial, and (4) no other adequate legal or equitable remedy exists that might achieve the same result." *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016), quoting *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 518; 866 NW2d 817 829 (2014). A trial court's decision whether to grant mandamus is reviewed for abuse of discretion. *Berry*, 316 Mich App at 41. However, whether the defendants have a clear legal right to perform a duty and whether the plaintiff has a clear legal right to the performance of that duty present questions of law to be reviewed de novo by this Court. *Id*.

Plaintiff failed to show that he had a clear legal right to have the subject candidates disqualified from running for city council, failed to show that defendants had a clear legal duty to strike the names from the ballot, and failed to show that the action demanded was purely ministerial. Since plaintiff failed to make those showings, the trial court abused its discretion by granting plaintiff's complaint for mandamus.

With regard to seeking mandamus relief, "a clear, legal right is one clearly founded in, or granted by, law; a right which is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided." *Id*.; *Rental Props*, 308 Mich App at 519. The rules of statutory construction apply to the interpretation of city ordinances, including city charters. *Gora v Ferndale*, 456 Mich 704, 711; 576 NW2d 141 (1998); *Barrow v Detroit Election Comm*, 301 Mich App 404, 413; 836 NW2d 498 (2013).

Plaintiff did not show that the four candidates at issue were term-limited under the plain language of the Warren City Charter or that the city government was misinterpreting or misapplying the relevant charter provisions. The specific language of § 4.4(d) states "[a] person shall not be eligible to hold the position of city council, city clerk or city treasurer for more than the greater of three (3) complete terms or twelve (12) years *in that particular office*." (Emphasis added.) While the words "that particular office" in § 4.4 could be interpreted to distinguish between terms served as city council member, clerk, or treasurer, there is room for reasonable disagreement with regard to whether there should also be a distinction between council members elected by district and at-large. While the Warren City Council may not be a true bicameral legislature with an upper and lower house, like the U.S. Senate and Congress, the city charter does distinguish between council members elected by district and at-large with regard to their election, fundraising, constituencies, and abilities to serve as mayor pro tem. Contrary to the trial court's ruling, the city's interpretation of its term-limit provisions under §§ 4.3 and 4.4 of the city charter was not clearly wrong. Accordingly, plaintiff has not shown a clear legal right to have the four incumbents' names removed from the primary ballots.[2]

---

[2] The dissent, which has designated this case for publication, contends that the "general election laws of the state" must guide us, rather than the language of the Warren City Charter. In support

Nor has plaintiff shown that either defendant has a clear legal duty to strike the names from the ballot as requested. Warren City Charter § 13.15(1)-(8) gives the Warren City Elections Commission purely administrative duties such as arranging and staffing polling places and supervising the conduct of elections. The charter does not grant the election commission the power to decide whether candidates are eligible or to strike them from the ballot for ineligibility. While MCL 168.323 and MCL 168.719 give city election commissions the power and duty to prepare and deliver primary ballots, neither statute gives those commissions the power to assess whether a candidate is ineligible for a particular office on the basis of term limits. In fact, the language of MCL 168.323 limits a city election commission's functions to the purely ministerial tasks of preparing and furnishing ballots on the basis of the results certified by the board of county canvassers.

Section 4.2 of the Warren City Charter states that the city council "shall be the judge of the election and qualifications of its members, subject to the general election laws of the state and review by the courts, upon appeal." Neither the elections commission nor the city clerk has the power to apply the terms of the charter and determine whether candidates are ineligible to run for office. The city charter gives that power solely to the city council, subject to state election law and review by the courts. Where a city charter makes the city council the sole judge of the election and qualifications of its own members, the final decision rests in the city council and the courts cannot decide the matter unless and until the council reaches its final decision on the matter. *McLeod v State Bd of Canvassers*, 304 Mich 120, 129; 7 NW2d 240 (1942); *Grand Rapids v Harper*, 32 Mich App 324, 327; 188 NW2d 668 (1971), lv den 385 Mich 761 (1971); *Houston v McKinley*, 4 Mich App 94, 98; 143 NW2d 781 (1966). Since only the city council had the power to determine the candidate's eligibility, defendants did not have authority to determine the candidates' eligibility under the city charter and so could not strike their names from the ballot.

---

of this proposition, the dissent relies heavily on *Barrow*, 301 Mich App 404. The dissent misreads *Barrow*. That decision flowed directly and solely from the language of Detroit's charter, which defined the residency requirements for mayoral candidates. This Court stressed, "Michigan statutory law provides that a city's charter governs qualifications for persons running for office[.]" *Id*. at 413. In *Barrow*, the pertinent language of the charter provided that a person seeking elective office must be "a registered voter of the City of Detroit for one (1) year at the time of filing for office . . ." *Id*. We determined that the relevant section of the charter was clear and unambiguous, prohibiting a candidate from seeking office unless the candidate had been a registered voter for one year at the time he or she filed a nominating petition. The candidate, (now Mayor) Duggan, conceded that he was not registered to vote in Detroit one year before he filed his nominating petitions. *Id*. at 415.

The language of the Warren City Charter is not so easily parsed, and legitimately subject to differing interpretations. The Warren City Attorney concluded that the charter permits the four candidates to run for positions on the city council. This determination may prove incorrect, but it is not unreasonable. Accordingly, *Barrow* is inapposite.

Additionally, plaintiff failed to show that the action requested was purely ministerial. In *Berry*, this Court defined a ministerial act as "one in which the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Berry*, 316 Mich App 42, quoting *Hillsdale Co Senior Servs, Inc v Hillsdale Co*, 494 Mich 46, 58 n 11; 832 NW2d 728 (2013). While striking the names of clearly ineligible candidates who have not submitted facially adequate petitions or neglected to comply with other clear statutory requirements is a ministerial act, *Barrow*, 316 Mich App at 412, choosing between competing interpretations of city charter language regarding term limits is not purely ministerial, but instead requires analysis and discretionary decision-making. Since determining the eligibility of candidates under §§ 4.3 and 4.4 is not within the powers of defendants and was not a ministerial act, plaintiff was not entitled to mandamus relief to compel defendants to do those acts.[3]

The trial court's opinion and order granting declaratory and mandamus relief to plaintiff is reversed. No costs, as this appeal concerned an issue of public importance. MCR 7.219. This opinion shall have immediate effect pursuant to MCR 7.215(F)(2).

/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh

---

[3] Contrary to the dissent, MCL 168.323 has not supplanted, arguably or otherwise, the mandamus principles set forth in *McLeod*, 304 Mich App 120. To the contrary, *McLeod*'s central teaching remains relevant. Mandamus is an extraordinary remedy. "Mandamus issues only to compel the recognition of a clear legal right or the performance of a legal duty; it does not issue so long as the right or the duty is disputed or doubtful." *Id*. at 125-126. This is the law. The enactment of MCL 168.323 has not changed it. If any of the four candidates win the election, a challenge to the result is certain. The dissent's position may then prevail. But the cause of action here is for mandamus, and that form of unusual relief is unavailable where serious and compelling legal questions about a legal duty abound, as here.